**Henry A. C. SAGGAU, Appellant,**

v.

**Philip YOUNG, et al., Commissioners of Civil Service, and Arthur E. Summerfield, Postmaster General, Appellees.**

**No. 13161.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 5, 1956.

Decided Dec. 27, 1956.

Mr. Joseph Robbie, Jr., Minneapolis, Minn., of the bar of the Supreme Court of Minnesota, pro hac vice, by special leave of court, for appellant. Mr. Max M. Kampelman, Washington, D. C., was on the brief for appellant. Mr. Arthur Lazarus, Jr., Washington, D. C., also entered an appearance for appellant.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, and Robert L. Toomey, Asst. U. S. Attys., at the time brief was filed, were on the brief, for appellees. Mr. Leo A. Rover, U. S. Atty., at the time record was filed, also entered an appearance for appellees.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant, Saggau, brought a civil action in the United States District Court for the District of Columbia asking that the court declare invalid the proposed removal of appellant from his office as postmaster at Ceylon, Minnesota, and that the charges against him be dismissed and expunged from his employment record.

It appears that letters of charges were filed against him by the Post Office Department, to which he duly replied; and, after consideration by the Department of the evidence submitted, including appellant's reply, he was ordered removed from his position. He thereupon appealed to the Ninth Regional Office of the Civil Service Commission, which, after hearing, affirmed the action of the agency; and he appealed, in turn, to the Civil Service Commission, which affirmed the action of the Regional Office.

This civil action was then instituted and, on motion, summary judgment was entered for appellees.[1]

■■ This case clearly falls within that line of cases in which this court has held many times that it will not review the action of executive officials in dismissing executive employees, except to insure compliance with statutory requirements.[2] As in Boylan v. Quarles, 1956, 98 U.S.App.D.C. 337, 235 F.2d 834, 835 there was here "[n]o substantial departure from applicable procedures, no misconstruction of governing legislation, nor any like error going to the heart of the administrative determination. * * *"

■ Appellant alleges further that the charges were "picayunish" and inspired by political considerations; and that, his removal having been for political reasons, it was prohibited by Civil Service regulations. Even assuming arguendo[3] that there was any reliable evidence that the charges were of such nature, this matter was investigated by the Regional Office and by the Civil Service Commission. Both held that the evidence of record disclosed that the decision of the Department in removing him was not unreasonable, arbitrary or capricious but was for such cause as would promote the efficiency of the service within the meaning of the Veterans' Preference Act, 5 U.S.C.A. § 851 et seq., and that the evidence did not establish that appellant's removal was for political reasons, as prohibited by Civil Service regulations. We find no error.

We have examined the other contentions urged by appellant and find no error affecting substantial rights.

Affirmed.

1. Memorandum opinion of Judge McGarraghy is reported in Saggau v. Young, D.C.1956, 138 F.Supp. 140.

2. See, e. g., Blackmon v. Lee, 1953, 92 U.S.App.D.C. 268, 205 F.2d 13; Carter v. Forrestal, 1949, 85 U.S.App.D.C. 53, 175 F.2d 364, certiorari denied, 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507.

3. The scant evidence submitted by appellant to show the alleged political nature of the charges was entirely hearsay. After investigation, which we think was procedurally correct, the Ninth Regional Office concluded that "Mr. Prull's hearsay testimony is not sufficient to warrant a conclusion that the adverse action was taken for political reasons rather than for the reasons stated in the letter of adverse decision." This was affirmed by the Civil Service Commission.