**Robert E. WYNGAARD, Appellant,**

v.

**Robert F. KENNEDY, Attorney General of the United States, Appellee.**

**No. 16149.**

United States Court of Appeals District of Columbia Circuit.

Argued May 19, 1961.

Decided June 29, 1961.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellant. Mr. Chester C. Shore, Washington, D. C., also entered an appearance for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty. and Carl W. Belcher, Asst. U. S. Atty., at the time the brief was filed, were on the brief for appellee. Mr. Oliver Gasch, U. S. Atty., at the time the record was filed, and Mr. Donald S. Smith and Miss Doris H. Spangenburg, Asst. U. S. Attys., also entered appearances for appellee.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

**PER CURIAM.**

Section 212 of the Immigration and Nationality Act, 8 U.S.C.A. § 1182, provides in part:

(a) * * * the following classes of aliens * * * shall be excluded from admission into the United States:

\* \* \* \* \* \*

(9) Aliens who have been convicted of a crime involving moral turpitude (other than purely political offenses) * * *.

Section 241 of the Act, 8 U.S.C.A. § 1251, provides in part:

(a) Any alien in the United States * * * shall, upon order of the Attorney General, be deported who—

(1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry * * *.

Appellant, a citizen of Holland, had been admitted to the United States for permanent residence in 1948. In 1955 he was convicted of violating § 722, subd. 8, of the New York State Penal Law, McKinney's Consol.Laws, c. 40.[1] In 1957 he was readmitted to the United States after a trip abroad. The Immigration authorities, after due notice and hearing, determined that appellant's violation of § 722, subd. 8, was a "crime involving moral turpitude" and that appellant was deportable since he had been excludable at the time of his last entry into the country.[2] Appellant brought suit for declaratory and injunctive relief. On cross motions, the court granted summary judgment for the Government.

■ In this appeal appellant first contends that the District Court erred in refusing to convene a three-judge court on the issue of whether the phrase "crime involving moral turpitude" in § 1182(a)(9) is unconstitutionally vague. This question was dispositively answered contrary to appellant's contention in Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951). In light of that decision, we think no substantial constitutional question is presented, and the motion to convene a three-judge court was properly denied. Cf. Eastern States Petroleum Corp. v. Rogers, 108 U.S.App. D.C. 63, 280 F.2d 611 (1960).

■ Appellant further contends that violation of § 722, subd. 8, of the New York State Penal Law is not a "crime involving moral turpitude" within the meaning of § 1182(a)(9). The Court of Appeals for the Second Circuit has held to the contrary in two well reasoned opinions. Babouris v. Esperdy, 269 F.2d 621 (1959); United States v. Flores-Rodriguez, 237 F.2d 405 (1956). We follow them.

Affirmed.

---

1. This section provides in pertinent part:
   *"Disorderly conduct.* Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

   \* \* \* \* \*

   "8. Frequents or loiters about any public place soliciting men for the purpose of committing a crime against nature or other lewdness * * *."

2. In 1952 appellant was convicted of petty larceny in New York. The Immigration authorities held this to be a crime involving moral turpitude. Since both this conviction and the conviction for violating § 722, subd. 8, were classifiable as petty offenses under 18 U.S.C. § 1 (1958), the Immigration authorities noted that appellant could not be deported had he been convicted of only one violation. 8 U.S.C.A. § 1182a.