Ernest **PAROCZAY**, Appellant

v.

**Luther H. HODGES**, individually and as Secretary of Commerce of the United States, et al., Appellees.

No. 16251.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 18, 1961.

Decided Dec. 28, 1961.

Mr. Donald H. Dalton, Washington, D. C., for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Charles T. Duncan, Asst. U. S. Atty., were on the brief, for appellees. Mr. Oliver Gasch, U. S. Atty., at the time the record was filed and Mr. Carl W. Belcher, Asst. U. S. Atty., at the time the record was filed, also filed appearances for appellees.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant sued appellees[1] in the District Court for a judgment declaring that his resignation from a position in the Weather Bureau, Department of Com-

---

2. See note 2 supra.

1. The appellees are the Secretary of Commerce, individually and in his official capacity, the Chief of the United States Weather Bureau, individually and in his official capacity, and the members of the United States Civil Service Commission, individually and in their official capacities.

merce, was not legally effective, and for a judgment restoring him to his position. He alleged in his complaint that he was an honorably discharged veteran of World War II, that his resignation was involuntary, the result of duress, misinformation and misrepresentation, and did not result in valid personnel action to terminate his service without compliance with section 14 of the Veterans' Preference Act.[2] Finding on the basis of affidavits that the resignation was voluntary the District Court granted appellees' motion for summary judgment. This appeal followed.

The record does not support the claim of plaintiff that his resignation resulted from misinformation or misrepresentations. As to the issue of voluntariness, however, we conclude that the papers before the court created a genuine issue of material fact as to the voluntariness of the resignation and that this precluded summary judgment.[3] Rule 56(c), Fed. R.Civ.P. 28 U.S.C. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Evers v. Buxbaum, 102 U.S.App.D.C. 334, 335, 253 F. 2d 356, 357.

An affidavit of Mr. Davis, a personnel officer of the Department of Commerce, was relied upon by defendants. In his affidavit Mr. Davis states he received certain information which led him to arrange for a meeting by the plaintiff with the Security Control Office of the Department on February 16, 1960. Later the same day plaintiff saw Mr. Davis and told him that he had been interviewed by the Security Control Office; he admitted, at that time, the correctness of certain derogatory information about his character which had been discussed with the Security Control Office. Mr. Davis thereupon excused himself briefly, telephoned the Security Control Office, and was informed of the various admissions of misconduct; he then told plaintiff the information was very serious and if true would warrant his removal from the service. Mr. Davis stated to plaintiff that when the detailed information was received he would have to file charges leading to plaintiff's removal. He advised plaintiff of his rights under section 14 of the Veterans' Preference Act, including the right of appeal to the Civil Service Commission, and also that if he wished to do so plaintiff could resign prior to the letter of charges being filed. Plaintiff was informed that if he chose to resign he could specify whatever reasons he wished to give. Plaintiff was also advised of his right of appeal under the Department of Commerce administrative orders and Mr. Davis showed him the Weather Bureau Manual pertaining thereto. The affidavit continues that the next day, February 17, plaintiff visited Mr. Davis' office and said that he had been to the Security Control Office that morning and had repudiated all admissions of misconduct made the previous day. He handed Mr. Davis a handwritten statement which he had prepared while waiting for Mr. Davis to return to the office, explaining why he had admitted the accusations, even though, he said, they were not true. In this handwritten statement he categorically denied the charges.

Plaintiff filed an affidavit giving his version of what occurred. This affidavit was filed with the Civil Service Commission before its decision on the appeal hereinafter referred to. It was also filed with the District Court before the motion for summary judgment was granted. It states that at the interview with Mr. Davis on February 16 Mr. Davis informed him that he had derogatory information and that he should resign; that on the following day, February 17, at another interview with Mr. Davis plaintiff denied the allegations of a derogatory nature. The affidavit then states as to the occurrences on the 17th,

"the said J. J. Davis said, 'If you do not resign now, I will press charges immediately. As soon as I go into the front office, I will start proceed-

2. 58 Stat. 390 (1944), as amended, 5 U.S. C. § 863 (1958), 5 U.S.C.A. § 863.

3. Apparently plaintiff did not move for summary judgment.

ings;' I asked the said J. J. Davis for a few days to think the matter over and he said, 'No, once you leave this office, I will start proceedings right now. Sign now;' without advice of counsel or an opportunity to discuss the matter with my wife or friends, and being apprehensive of being held up to public obloquy, I signed a 'form' resignation * * * on February 17, 1960, and effective March 18, 1960 * * *."

On February 24, by letter of his attorney to the Secretary of Commerce, plaintiff unsuccessfully attempted to withdraw his resignation, which was treated as final.

A request for a hearing before the Civil Service Commission, and an appeal to the Commission, were denied. The reason given by the Commission was that plaintiff had voluntarily resigned and therefore no adverse personnel action, within the purview of the Veterans' Preference Act, had occurred which entitled plaintiff to a hearing.

The events of the 17th are the critical ones; for on the 16th, while he was given the alternative of resigning or facing charges, there was then no suggestion of necessity for an immediate decision. On the 17th for the first time plaintiff, according to his affidavit, was pressed into an immediate decision at the interview; he was then faced for the first time with being charged with serious misconduct unless he resigned then and there. The affidavit that this occurred raised an issue as to the voluntariness of the resignation. Cf. Kasumi Nakashima v. Acheson, 98 F.Supp. 11 (S.D.Cal.1951); Weisert v. Bramman, 358 Mo. 636, 216 S.W.2d 430 (1948); and cases cited. And the

existence of such an issue required denial of defendants' motion for summary judgment. Sartor v. Arkansas Natural Gas Corp., supra, 321 U.S. at 627–628, 64 S. Ct. at 728–729; Evers v. Buxbaum, supra; Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766; Colby v. Klune, 178 F.2d 872 (2d Cir. 1949).[4]

Defendants point to our decision in Rich v. Mitchell, 106 U.S.App.D.C. 343, 273 F.2d 78, cert. denied 368 U.S. 854, 82 S.Ct. 91, 7 L.Ed.2d 52, contending that it controls this case. We adhere to our decision in that case but we think the facts in the present case are sufficiently different to lead to a different result. In Rich there was no demand for an immediate resignation under threat of immediate charges. The employee was not told to "sign now." He was given three days within which to consider the course he would adopt. A request for opportunity to consult family and friends was not rejected, as plaintiff's affidavit states occurred in this case.

Of course, the defendants should be given an opportunity to contradict the statements of plaintiff as to the occurrences on the 17th and to establish the voluntariness of the resignation signed on that day. We hold only that in the form in which the versions of the facts were presented by affidavits to the Commission the resignation was not demonstrated to have been voluntary, and that in the District Court there was presented a material issue of fact in that regard which made the case inappropriate for disposition by summary judgment.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

---

**4.** The issue of coercion is not solved by accepting the contention of defendants that there was no obligation to give the employee an option to resign; for this does not answer the question whether the resignation which was given was coerced. If it was the separation constituted a discharge, and Paroczay had certain rights under the Veterans' Preference Act. And even though we assume the existence of reasons for bringing charges against plaintiff the question of voluntariness of the resignation remains.

With the approval of Mr. Davis the resignation was not to be effective until March 18, though signed February 17, thus demonstrating that Mr. Davis did not consider immediate termination of employment essential to the good of the service. The record does not show that plaintiff was required to go on leave immediately.