Anthony **PELICONE**, Appellant,

v.

**Luther H. HODGES**, Secretary of Commerce, et al., Appellees.

**No. 17467.**

United States Court of Appeals District of Columbia Circuit.

Argued April 1, 1963.
Decided June 13, 1963.

Mr. Daniel J. Andersen, Washington, D. C., for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., was on the brief, for appellees. Mr. Arnold T. Aikens, Asst. U. S. Atty., also entered an appearance for appellees.

Before BAZELON, Chief Judge, PRETTY-MAN, Senior Circuit Judge, and WRIGHT, Circuit Judge.

BAZELON, Chief Judge.

In this Government employee discharge case, the District Court granted summary judgment for the Government on cross motions.

Appellant, a veterans' preference eligible, has been employed by the Department of Commerce as a lithographic pressman and negative engraver since April 19, 1948.[1] In March 1960, he was asked to complete a personal history statement, which included the question whether he had ever been arrested for "any reason other than for minor traffic violations." He answered that he had been arrested in May 1958 for "Disorderly" and had "forfeited $10 collateral."

On October 20, 1960, appellant received an official notification that he was being removed from his position on five specified charges. On appeal to the Civil Service Commission, certain charges (which we designate 2, 3 and 5) were sustained and other charges (which we designate 1 and 4) were dismissed.[2] Appellant was removed from Government service on November 25, 1960.

 Our review in this kind of case is limited to determining whether the statutory and regulatory procedures were observed and whether the challenged action was arbitrary and capricious or was supported by evidence. We conclude that the procedures were observed, but that there is no evidence to support the charges upon which appellant's dismissal was rested. We discuss these charges and the record relating to them.

"Charge [2] *False statement of material fact in an official record* * * *.

\* \* \* \* \* \*

"Information has now been received [that] * * * you were also arrested on or about 1:50 A.M. on March 20, 1955 * * * on a complaint of indecent exposure * * *. It appears * * *, therefore, that you made a false and incomplete answer to Question No. 16 * * * in that * * * you concealed your arrest on March 20, 1955."

The Government seems to base this charge on 5 C.F.R. § 2.106(a) (4) which permits disqualification for "intentional false statement or deception or fraud * * *."[3] Appellant has consistently maintained that he had no reason to believe he had been arrested since he was never charged with a crime and was told by the police to forget the whole episode. There is no testimony that he was told

---

1. The Government, on oral argument, informed the court that this employment has no relation whatsoever to security considerations.

2. The charges dismissed read as follows:
 "Charge 1. *False statements of material fact in an official record* * * *.
 \* \* \* \*
 "Information has now been received [that] * * * you were arrested on July 25, 1958 * * *.
 "It appears * * *, therefore, that you made a false and incomplete answer to Question 16 * * * in that * * * you falsely stated the date of your arrest in 1958 to have been in May, 1958, rather than on July 25, 1958 * * *.
 · "Charge [4]. *Conduct unbecoming a Government employee*—On or about March 29, 1955, at approximately 1:50. a. m. in the waiting room at the Union Station, Washington, D. C., you appeared be-

fore one Dorothy Gaskin, Negro, age then 25 years, 411 Independence Avenue, S.E., who was seated in the waiting room, and exposed your privates to her while you were standing a few feet away. Your conduct was reported to the Terminal Police, and you were arrested a few minutes later while hurrying to the front door by a Terminal Police Officer. You were taken to a police station but released after a short time as the complainant did not wish to prosecute."
The charges sustained appear in the body of the opinion.

3. The full text of this subsection permits disqualification for "Intentional false statements or deception or fraud in *examination or appointment*." (Emphasis supplied.) Under our view of the case, we need not decide whether the subsection has any application to the statements here in issue.

he had been arrested, or that the circumstances were such as to indicate to a layman that he was being "arrested" rather than merely detained or questioned.[4] Hence there is nothing in the record to support a determination that appellant made an "intentional false statement or deception or fraud" warranting discharge.

"Charge [5] *False statement or statements in official investigation*— In an interview with Mr. Bruce Lovett and Mr. Bernard Fitzpatrick in the Office of Investigations and Security Control, Department of Commerce, on August 25, 1960, you stated in substance with respect to your arrest on March 20, 1955, that you did see a colored girl sitting on a bench in the waiting room at the Union Station, Washington, D. C. at approximately 1:00 a. m. on March 20, 1955; that she smiled at you; that because of the fact that you had noticed police officers some fifteen feet away you remarked to her 'The bluecoats are over there;' and that you made this remark because you thought the girl was 'out sporting' and you merely wished to warn her.

"On the other hand, at the time of your arrest on March 20, 1955, you stated to the arresting police officer that you smiled at the girl, that she smiled back, and that you were trying to 'make' her.

"Obviously, these two statements are mutually inconsistent. At least one of the two statements, that in the first paragraph of this charge, appears to be false, by your own previous statement on March 20, 1955 when you were arrested."

On oral argument the Government admitted that there was no evidence in the record to support its allegation that appellant made the second of the inconsistent statements. Hence the charged inconsistency cannot be sustained. On oral argument the Government for the first time suggested that this charge could be sustained on the ground that the record indicates that appellant, at one point, told examining officers he had made no statement to the girl in Union Station, thereby contradicting his alleged statement that he told her, "The bluecoats are over there." But it is clear that appellant was never charged with or given an opportunity to explain this newly discovered "inconsistency." Consequently we need not decide whether, in view of its context and the six year interval between the events and the testimony, the statement can fairly be regarded as an "intentional false statement or deception or fraud." A dismissal cannot be based on an uncharged inconsistency.[5]

"Charge [3] *Conduct unbecoming a Government employee*—a. On or about the night of July 25, 1958, in downtown Washington, D. C., you accompanied a Negro prostitute to a hotel located near Thirteenth and M Streets, N.W. Shortly after entering the hotel room with the prostitute, you were arrested and charged with disorderly conduct. You elected to forfeit $10 collateral."

The record shows the arrest referred to was for "disorderly conduct (prostitution)." Although "conduct unbecoming a Government employee" is not a ground for dismissal under the relevant regulations, the Government says this charge is based on 5 C.F.R. § 2.106(a) (3) which authorizes disqualification for "criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct."[6] It appears from the Government's brief and the records of the earlier proceedings that the Government relies on the *crim-*

---

4. Cf. Report and Recommendations of the Commissioners' Committee on Police Arrests for Investigation (1962).

5. Cf. Young v. United States, 94 U.S.App. D.C. 54, 212 F.2d 236, cert. denied, 347 U.S. 1015, 74 S.Ct. 870, 98 L.Ed. 1137 (1954).

6. The charge as presented to appellant and as heard, however, made no reference to § 2.106(a) (3).

*inal* nature of appellant's alleged conduct.[7] The District of Columbia Code names a variety of offenses constituting disorderly conduct (e. g., disorderly conduct (duelling) (kindling bonfires) (flying kites) (playing bandy or shindy in the street)), but no such offense as disorderly conduct (prostitution). Nor does any other statute appear to prohibit the conduct with which appellant was charged. See, e. g., D.C.Code §§ 22–1002, 22–2701. Whatever we, the police, or the Civil Service Commission may think of such conduct, the fact remains that it is not criminal. Of course, neither appellant's admission of the facts nor his forfeiture of collateral can make the act a crime.

Since it appears that appellant's dismissal on this charge was predicated on the assumed criminal nature of this conduct, we need not decide whether it would be proper to characterize such conduct as "infamous, dishonest, immoral, or notoriously disgraceful," [8] or whether it can reasonably be maintained, as the Government does in its brief, that "such public conduct surely affects the efficiency of the service" because appellant "must work with others who would find his very presence repulsive." [9]

For the foregoing reasons, appellant's dismissal cannot be sustained, and he is entitled to reinstatement to Government service. This case is remanded with instructions to enter summary judgment in appellant's favor.

So ordered.

7. No determination was ever made that appellant's alleged conduct was "infamous, dishonest, immoral or notoriously disgraceful." The only reference in the record to any of the terms seems to be appellant's uncontradicted statement denying the commission of "an immoral act." There are numerous references in the record to the assumed criminal nature of appellant's alleged conduct.

8. We note, moreover, that no case characterizing non-criminal conduct as "infamous, dishonest, immoral, or notoriously disgraceful" has been cited to us. The usual inquiry is whether conduct which *is* admittedly criminal is *also* infamous, immoral, etc. See, e. g., Repouille v.

United States, 165 F.2d 152 (2d Cir. 1947); Wyngaard v. Kennedy, 111 U.S. App.D.C. 197, 295 F.2d 184 (1961). The recent case of Dew v. Halaby, 115 U.S. App.D.C. ——, 317 F.2d 582, is easily distinguishable. In that case there was no dispute over the criminal nature of the employee's acts (see 317 F.2d p. 586), or whether they were forbidden by the regulations.

9. Appellant was proposed for discharge on the basis of five charges. The Civil Service Commission dismissed two of them, and we find the other three invalid. Even if Charge 3 had been held valid, the question would remain whether it alone would constitute a sufficient basis for discharge.