Glynn H. GOODMAN, Appellant,

v.

UNITED STATES of America et al., Appellees.

No. 19654.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 25, 1966.

Decided March 10, 1966.

---

Mr. Donald H. Dalton, Washington, D. C., for appellant.

Mr. Charles L. Owen, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Mrs. Ellen Lee Park, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM.

Appellant signed a resignation from his Civil Service position as electrician at the National Bureau of Standards after he was advised that, unless he did, separation proceedings based on alleged misconduct would be instituted against him. After an application to withdraw the resignation was denied by the Bureau, an appeal was taken to the Civil Service Commission. The Appeals Examining Office of the Commission advised Goodman by letter that his election to resign rather than face removal proceedings precluded any right of appeal he might otherwise have. Twenty-nine months later appellant appealed within the Commission to the Board of Appeals and Review. On a record made up of affidavits, written argument and the administrative record of the Bureau, the Board held that the resignation was voluntary and binding and that the Appeals Examining Office decision to decline jurisdiction was correct. Appellant then sought relief in the District Court which granted appellees' motion for summary judgment.

In Dabney v. Freeman, 123 U.S.App. D.C. ——, 358 F.2d 533 (decided December 28, 1965), a case involving the voluntariness of a resignation by a Government employee, we approved a remand by the District Court to the Civil Service Commission "with directions to conduct further administrative proceedings, including an oral hearing, relating to the manner of [appellant's] separation from Government service." The hearing ac-

corded the employee by the Commission on remand in *Dabney* was an evidentiary one at which the employee was represented by counsel and at which all parties to the resignation episode, including the employee, testified.

We believe that, in Government employee separation cases where the issue of voluntariness with respect to a resignation is raised, there should be a hearing before the Commission similar to that approved by this court in *Dabney*. Only in this way can the facts with reference to the alleged promises and coercion be developed with any degree of reliability. We therefore remand this case to the District Court with instructions to remand it to the Commission for a *Dabney*-type hearing.[1]

Remanded for further proceedings.

Fahy, Circuit Judge, dissented.

---

1. It should be noted that the District Court disposition of this case was prior to our opinion in *Dabney*. In addition, no request was made in the District Court to remand this case to the Commission for a hearing on voluntariness.