**David R. WEINBERG, Appellant,**

v.

**John W. MACY, Jr., et al., Appellees.**

**No. 19213.**

United States Court of Appeals
District of Columbia Circuit.

June 16, 1966.

Messrs. Louis F. Oberdorfer, Washington, D. C., and James Robertson, Washington, D. C. (both appointed by this court) were on the pleadings for appellant.

Messrs. John W. Douglas, Asst. Atty. Gen., Department of Justice, David G. Bress, U. S. Atty., Frank Q. Nebeker, Asst. U. S. Atty., and Alan S. Rosenthal and Richard S. Salzman, Attorneys, Department of Justice, were on the pleadings for appellee. Messrs. Allan M. Palmer and Gil Zimmerman, Asst. U. S. Attys., also entered appearances for appellee.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and LEVENTHAL, Circuit Judges.

ORDER

PER CURIAM.

This case came before the court on appeal from a judgment of the United

States District Court for the District of Columbia; briefs were filed and argument was had, appellant Weinberg appearing *pro se* after having been granted permission to appeal *in forma pauperis* and the United States Attorney appearing for the Government officials who were appellees.

On December 22, 1965, 124 U.S.App. D.C. 1, 360 F.2d 816, this court set aside the judgment of the District Court and remanded the case with a suggestion that if appellees cared to pursue the matter they would be expected to make an earnest effort toward the production and presentation of complete evidence, if any such evidence there were, as to certain relevant proceedings, in the courts of Alabama. Appellees chose to pursue the matter but not to present or attempt to present further evidence. Instead, attempting to construct out of language in the opinion of the court a conflict with the ruling in Dabney v. Freeman et al., 123 U.S.App.D.C. 166, 358 F.2d 533 (decided December 28, 1965), they, on May 2, 1966, filed motions for clarification, for rehearing, and for rehearing *en banc.*

Wherefore, these several motions having been considered, and the motion for rehearing *en banc* having been denied, the motion for clarification and the motion for rehearing are treated as motions for reconsideration; the judgment is withdrawn, and the case is reconsidered. Whereupon it is ordered by the court that:

(1) the judgment of the District Court entered November 27, 1965, in Civil Action No. 916–64 is reversed and set aside;

(2) the cause is remanded to the District Court; and

(3) the District Court is directed to enter a judgment (a) declaring that the order of the Civil Service Commission which is before it (the District Court) in the civil action titled Weinberg v. Macy et al., Civil Action No. 916–64, should be, and is thereby, reversed and set aside for lack of substantial evidence supporting the charge of intentional falsification of the application for employment in a material respect; (b) directing the Commission to reverse the order of the Internal Revenue Service which was before the Commission in the Appeal of David Robert Weinberg; and (c) directing the Commission to direct the Internal Revenue Service to reinstate Weinberg in his position in the service from which he was discharged pursuant to notices of January 2, 1963, and February 4, 1963, and of February 20, 1963, and restore to him such pay as he failed to receive after his discharge until the date of his reinstatement.