Cornelius **BELL**, Plaintiff-Appellant,

v.

E. T. **GROAK**, Chairman, Board of Appeals and Review, U. S. Civil Service Commission, J. A. Connor, Regional Director, Chicago Regional Office, U. S. Civil Service Commission, John Macy, Chairman, Civil Service Commission, Ludwig Andolsek and Robert Hampton, Commissioners, Civil Service Commission, Defendants-Appellees.

No. 15625.

United States Court of Appeals Seventh Circuit.

Dec. 8, 1966.

William Robinson Fishman, Arthur DeBofsky, Fishman & Fishman, Chicago, Ill., for appellant.

Alan S. Rosenthal, Asst. Atty. Gen., Martin Jacobs, Attorney, Department of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., J. William Doolittle, Acting Asst. Atty. Gen., for appellees.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge and SWYGERT, Circuit Judge.

DUFFY, Senior Circuit Judge.

Plaintiff seeks a declaratory judgment that the United States Civil Service Commission must accept his appeal and grant him a hearing on the merits of his "discharge" as a post office employee. The District Court entered an order dismissing the complaint on the ground that it lacked jurisdiction to grant the relief sought.

In September 1949, plaintiff was employed as a distribution clerk at the United States Post Office in Chicago. He worked there through August 2, 1962. On that date he signed papers resigning his position of employment.

On August 4 and December 9, 1962, and on January 17, 1963, plaintiff wrote to the United States Post Office Department seeking reinstatement to his position. These requests were denied in separate letters.

The first answer was from the acting postmaster stating—"Based upon your previous record, your request of August 4, 1962, for reinstatement will not be granted." The second answer by the postmaster stated—"Based upon your previous record, your request for reinstatement, dated December 9, 1962, will not be granted." The third answer was also by the postmaster and stated—"Your request for reinstatement, dated January 7, 1963, will not be granted, due to your previous unsatisfactory record."

Plaintiff claims that on March 20, 1964, upon learning that the United States Civil Service Commission had authority over his resignation, he appealed to the Civil Service Commission, Chicago Regional office.

In his appeal, plaintiff stated he was questioned by two postal inspectors on August 2, 1962, and was advised that he had only two choices; either resign, or the inspectors would bring proceedings against him. Plaintiff charged he was not given any opportunity to consult with others as to the course he should take.

On March 23, 1964, the Regional Director of the Chicago Region of the Civil Service Commission answered, requesting additional information, including an inquiry as to why an earlier appeal had not been filed. Plaintiff replied setting forth events which he claimed occurred in connection with his resignation.

By letter dated April 10, 1964, defendant Connor, the Regional Director of the United States Civil Service Commission, informed the plaintiff that the normal time limit for acceptance of appeals by the Commission expires at the end of ten days from the effective date of the action appealed. The Commissioner stated this time limit could be extended by the Commission when it is established that circumstances beyond the control of the employee prevent him from filing an appeal within the ten-day period. The Regional Director then stated

that plaintiff's appeal, taken nineteen months after the date of the action being appealed, was not considered to have been filed within a reasonable time. He also stated—"Although you allege you were extremely busy working and training for a new career, this is not a sufficient reason for your delay in filing an appeal to the Commission." The letter further stated that an appeal could be taken from the action of the Regional Director to the Board of Appeals and Review.

On April 13, 1964, the plaintiff appealed the adverse decision to the Board of Appeals and Review of the Civil Service Commission. By letter dated May 6, 1964, defendant Groak, Chairman of the Board of Appeals and Review, denied plaintiff's appeal.

Although plaintiff seeks a declaratory judgment, the relief prayed for is in the nature of a writ of mandamus. Plaintiff asks this Court to decree that the United States Civil Service Commission must accept an appeal from plaintiff in this cause.

■ Before the District Court, plaintiff contended the Court had jurisdiction under the Tucker Act, 28 U.S.C. § 1346 (a) (2). Apparently, this claim has been abandoned, as no mention thereof is made in the amended complaint. In any event, that claim could not be sustained. Wells v. United States, 9 Cir., 280 F.2d 275, 277.

In the District Court, after the Government had objected that the individual members of the Civil Service Commission must be parties to the suit, the complaint was amended to name the Commissioners as party-defendants. However, no attempt was made to obtain service on any one of them.

The Supreme Court has considered this question in Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. The Court said on page 515, 72 S.Ct. page 412: "Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as members of the United States Civil Service Commission. No such suit was brought here, and no service was had upon the individuals comprising the Civil Service Commission. Therefore, neither the individuals comprising the Civil Service Commission nor the Commission as a suable entity was before the District Court."

■ The *Blackmar* case also held that an action against the Commissioners could be brought only in the District of Columbia. Congress has since extended the venue provisions so that suit may be brought in other districts. 28 U.S.C. § 1391(e). This section also provides for service " * * * by certified mail beyond the territorial limits of the district in which the action is brought." Thus, it is clear that the requirement of service upon the individual Commissioners is still essential, and that the amendment of the complaint to name them as defendants was not sufficient to confer jurisdiction. As was said by this Court in Rabiolo v. Weinstein, 7 Cir., 357 F.2d 167, 168, " * * * the presence of venue does not dispense with the necessity for service in order to acquire personal jurisdiction."

■ As a general proposition, in cases where there is an issue as to the voluntariness of the resignation of a government employee, we are of the view that the Civil Service Commission should hold a hearing unless such a hearing is barred by laches. See Dabney v. Freeman, 123 U.S.App.D.C. 166, 358 F.2d 533, 534–535. However, we do not reach that question in this case.

We are here confronted with the fact that the members of the United States Civil Service Commission were not served with process. Under the *Blackmar* case, we must hold that the District Court did not have any jurisdiction to order the United States Civil Service Commission to do anything. It follows that the District Court was correct in dismissing the amended complaint for want of jurisdiction.

Affirmed.

SWYGERT, Circuit Judge (dissenting).

The record shows that in support of their motion to dismiss the original complaint, the defendants Groak, the Chairman of the Board of Appeals and Review of the Civil Service Commission, and Connor, the director of the Commission's Chicago regional office, contended that the court did not have jurisdiction because the individual members of the Commission were not named as defendants. This contention was one of six grounds advanced in support of the motion. The sixth ground was that the court lacked jurisdiction to grant the relief sought because it was within the Commission's discretion to extend the time for an administrative appeal and the court could not direct the Commission to perform a discretionary act.

The plaintiff subsequently filed an amended complaint naming the members of the Commission as defendants. In his brief in opposition to the motion to dismiss he stated: "[T]he government maintains that the individual Civil Service Commission Commissioner (sic) must be named as parties. The complaint has been amended to list them as parties."

Approximately one month after the filing of the amended complaint, the district court dismissed the cause "for lack of jurisdiction to grant the relief sought." The plaintiff then filed a request that the court "specify the lack of jurisdiction referred to in its order so that plaintiff may be able to make a decision as to the advisability of any further action in this matter." At the hearing on this request the district judge stated that the basis for his dismissal was the sixth ground advanced by the defendants for dismissing the complaint. Thus the district judge's action of dismissal was not based upon a lack of service of the summons and the amended complaint upon the members of the Commission.

After the amended complaint was filed the defendants raised no objection to the lack of service. If they had done so or if the district judge had based his dismissal upon this ground, I would have no quarrel with the view adopted by the majority. But in light of the record at the time the plaintiff filed his appeal, the plaintiff had the right to assume that the sole issue was whether the district court had jurisdiction to order the Commission to perform a discretionary act. If there had been any indication that the dismissal was for lack of service, counsel for the plaintiff might have requested time within which to perfect the service. For this reason the plaintiff should not suffer a dismissal of his complaint; rather this cause should be remanded so as to give him an opportunity to serve the members of the Commission in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1391(e).