**Martin J. FARRELL**

v.

**The Honorable John W. GARDNER.**

Civ. A. No. 42212.

United States District Court
E. D. Pennsylvania.

Feb. 13, 1968.

Martin J. Farrell, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

WOOD, District Judge.

A former "claims authorizer" for the Department of Health, Education and Welfare brought this action against the Secretary of that Department for a declaratory judgment that his resignation was involuntary and a mandamus compelling his reinstatement to his former position among other demands. He claims that he was coerced into resigning because of religious pressure and was further coerced into signing a form stating that his resignation was voluntary. We have previously denied plaintiff's motion for a default judgment (Document No. 10) because in our opinion it was not warranted. The respondent has moved to dismiss, asserting that (1) plaintiff has timely failed to exhaust his administrative remedies and (2) if the suit is one to obtain review of a decision of the President's Committee for Equal Employment Opportunity, it is one which is an unconsented suit against the United States Government and therefore barred.

At the outset it may be observed that plaintiff made no request for a hearing or an appeal to the Secretary or to the Civil Service Commission. He did however file a discrimination complaint with the President's Committee for Equal Employment Opportunity acting pursuant to Executive Order 10925 which terminated adversely to him.

In support of his contention that the plaintiff has not processed his claim properly, defendant relies upon Department of Health, Education and Welfare Personnel Instruction 771–1, Section 140–A(1) and decisions in the Court of Appeals for the District of Columbia.

The regulation as quoted in defendant's brief provides:

"An appeal to the Secretary (presumably of the Department and not of the Civil Service Commission) on an adverse action may be filed at any time after the employee receives the responsible official's notice of decision but no later than ten (10) calendar days after the effective date of the action." Goodman v. United States, 123 U.S.App. D.C. 165, 358 F.2d 532 (1966) and Dabney v. Freeman, 123 U.S.App.D.C. 166, 358 F.2d 533 (1965) held that a coerced resignation from federal employment was an "adverse action" and that administrative remedies were available. Defendant therefore argues that plaintiff had a remedy and failed to exhaust it in a timely manner and thereby is precluded from the pursuit of a judicial remedy.

Undoubtedly, the exhaustion of administrative remedies in such circumstances as these is highly desirable and probably essential. However, before exhaustion can occur there must be a remedy available. Herein, the merits are inextricably intertwined with this question. There is no proof at all that an appeal to the Secretary of the Department or to the Civil Service Commission would have been honored since there did not appear to be an "adverse action." Nor is there any evidence that plaintiff was made aware of a right to appeal or that he should have been aware of it. It is highly likely that any proposed action by plaintiff would have been entirely fruitless as demonstrated by the approach taken by the Civil Service Commission in Paroczay v. Hodges, 111 U.S.App.D.C. 362, 297 F.2d 439, 441 (1961). It is without merit to argue that he should have waited to be fired and then taken an appeal. The whole basis of the resignation was that he could no longer wait and that he could not risk the chance of being fired, a status which would not have endeared him to future employers. Accordingly, the motion is denied.

Because this is a matter which could be disposed of more expeditiously by an administrative process which has expertise in the field of the relationship of the Federal Government with its civil service employees, we will entertain a motion or a stipulation to proceed in accordance with the recent decision in the District of Columbia, which recommended that cases where there has been an involuntary resignation be remanded to an administrative board for disposition. Goodman v. United States, 123 U.S.App. D.C. 165, 358 F.2d 532 (1966); Dabney v. Freeman, 123 U.S.App.D.C. 166, 358 F.2d 533 (1965); Paroczay v. Hodges, 219 F.Supp. 89 (D.D.C.1963).

Motion denied.