Calvin **SCHEUNEMANN**, Plaintiff,

v.

The **UNITED STATES** et al., Defendants.

No. 72 C 1934.

United States District Court,
N. D. Illinois, E. D.

Feb. 26, 1973.

Allen R. Kamp and Ray O. Rodriquez, Legal Aid Society, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., Chicago, Ill., for defendants.

### DECISION AND ORDER

McMILLEN, District Judge.

This cause comes on to be heard on defendant's motion to dismiss, filed pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6). Defendant's brief also argues a motion for summary judgment, but on the pleadings we cannot go beyond the provisions of Rule 12(b)(6).

Plaintiff alleges in Count I that he was discharged by the postal service as a probationary employee without a hearing and that the civil service regulation which authorizes such a discharge is unconstitutional. 5 C.F.R. § 315.804. Since plaintiff was adversely affected by the agency action and has no further

remedy available to him within the Civil Service Commission, this court has jurisdiction to review the agency action under the Administrative Procedure Act. 5 U.S.C. § 702.

■ Plaintiff was an equipment mechanic at the Chicago Post Office. He was discharged by Postmaster McGee as of September 28, 1971 for "theft of mail." The Postmaster had the power to do this without any appeal pursuant to 5 C.F.R. § 315.806, and plaintiff was given written notice of the reason for his termination as required by the regulation. The lack of an opportunity to be heard when one's good name, reputation, honor or integrity is put at stake by governmental action violates the Constitutional right of due process. Wisconsin v. Constantineau, 400 U.S. 433 at 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

■ Plaintiff alleges in Count II that he subsequently resigned from employment as a probationary employee of the Veterans' Administration when it learned the reason for his Post Office termination. Plaintiff contends that his resignation was coerced and not voluntary and that he should have been given a hearing on this issue also. Cf. Paroczay v. Hodges, 111 U.S.App.D.C. 362, 297 F.2d 439 (1961). Since no administrative appeal exists for the "coerced" termination of a probationary employee by the Veterans' Administration (5 C.F.R. § 752.201 et seq.), his suit for this alleged violation of his Constitutional rights also lies. Of course, if plaintiff's discharge by the Post Office is found to have been properly attributed to "theft of mail", his subsequent resignation from the Veterans' Administration when this record became known can hardly be considered "coerced." Therefore resolution of Count II will depend in large part on the resolution of Count I.

■ Plaintiff alleges jurisdiction of this court under 28 U.S.C. § 1331 or 28 U.S.C. § 1346(a)(2). The latter statute (known as the Tucker Act) provides a cause of action for money damages only, with equitable jurisdiction limited to such actions. See Bell v. Groak, 371 F.2d 202, 204 (7th Cir. 1966). Section 1346(d)(2) provides that district courts shall not have jurisdiction of claims "to recover fees, salary, or compensation of officers or employees of the United States." Since plaintiff's claim for money damages would fall under the foregoing provision, we have no jurisdiction of this case under the Tucker Act.

Jurisdiction exists under 28 U.S.C. § 1331(a) for a claim arising under the Constitution and laws of the United States. The case at bar invokes the provisions of 5 U.S.C. §§ 701–706 for reviewing agency actions, as well as raising the Constitutional issues referred to above. Section 1331 supports a cause of action against Federal officials. Cf. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It remains to be seen whether plaintiff's claim satisfies the jurisdictional requirement of $10,000, as alleged.

■ Plaintiff has joined certain defendants who contend they are not subject to this suit. The United States Civil Service Commission as an entity has not been joined as a defendant, and the Veterans' Administration cannot be. Cf. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); Napier v. Veterans' Administration, 3 Cir., 298 F.2d 445 (3rd Cir. 1962), cert. den., 371 U.S. 186, 83 S.Ct. 266, 9 L.Ed.2d 228 (1962). The individuals representing these agencies are proper defendants, however. Bell v. Groak, supra, p. 876. The Postal Service has been specifically subjected to suit by Congress in 39 U.S.C. § 409(a), and the United States of America is not a necessary party to this litigation.

In the foregoing Decision, the court has not gone into the question of the existence of genuine issues of material fact. This question is not reached on the issues of law decided herein. Nor have we gone into the question of the specific relief which can be granted, but

some relief will follow if plaintiff can establish the jurisdictional amount of his claim under 28 U.S.C. § 1331.

It is therefore ordered, adjudged and decreed that defendants' Motion to Dismiss the Complaint is denied, except as to the United States of America and the Veterans' Administration, and the remaining defendants are granted ten (10) days in which to Answer the Complaint. This case will be called for a report on status on Monday, March 5, 1973 at 10 a. m.