Joseph M. BRAUN, Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS, Respondent.

No. 94–3519.

United States Court of Appeals, Federal Circuit.

March 14, 1995.

---

Joseph M. Braun, Boise, ID, pro se.

Brad Flagg, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Jeanne E. Davidson, Asst. Director.

Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.

RICH, Circuit Judge.

Joseph M. Braun (Mr. Braun) seeks review of the final decision of the Merit Systems Protection Board (Board) in Docket No. SE–

0752–94–0282–I–1. In a 25 May 1994 initial decision, the Administrative Judge (AJ) dismissed Mr. Braun's appeal for lack of jurisdiction. The AJ decided, without a hearing, that Mr. Braun had failed in his petition to make a non-frivolous allegation that his resignation was coerced. In the absence of a petition for review, the 25 May 1994 initial decision became the final decision of the Board on 29 June 1994. We vacate and remand.

## I

Mr. Braun was the Maintenance Foreman in the engineering service at the Department of Veterans Affairs' (agency's) medical center in Boise, Idaho. He resigned but asserts that his resignation was the result of coercion.[1] At the time of his resignation, he had accumulated thirteen and one-half years of government service. The instant appeal concerns whether the Board had jurisdiction to hear Mr. Braun's appeal on the voluntariness of his resignation.

 A resignation is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction. *See, e.g., Cruz v. Department of the Navy,* 934 F.2d 1240, 1244 (Fed.Cir.1991); *Christie v. United States,* 518 F.2d 584, 587 (Ct.Cl.1975). If, however, an agency coerced a resignation, that is tantamount to a removal, and the Board has jurisdiction over the "constructive removal." *See, e.g., Cruz,* 934 F.2d at 1244; *Schultz v. United States Navy,* 810 F.2d 1133, 1135–36 (Fed.Cir.1987). We apply an objective test to determine whether an agency coerced a resignation. *Christie,* 518 F.2d at 587 (citing *McGucken v. United States,* 407 F.2d 1349, 1351 (Ct.Cl.), *cert. denied,* 396 U.S. 894, 90 S.Ct. 190, 24 L.Ed.2d 170 (1969); *Pitt v. United States,* 420 F.2d 1028, 1032 (Ct.Cl. 1970)).

Before January 1988, Mr. Braun had no record of either conduct or performance problems over a twelve-year period of government service. He asserts that he had an impeccable record of fully successful or superior performance.

In January 1988, Mr. Braun received a new supervisor. The relationship between Mr. Braun and his new supervisor was not without friction. Over the next seventeen months, Mr. Braun's last seventeen months of government service, he received eleven disciplinary actions. The actions include two written admonishments, three notices of minimally successful performance, a warning of unacceptable performance, a letter of counseling, a verbal counseling, a written reprimand, and a fourteen-day suspension. We note that the suspension was canceled before Mr. Braun's resignation. Mr. Braun asserts that these disciplinary actions evidence the improper coercion that resulted in his resignation.

In response to the disciplinary actions, Mr. Braun filed at least two grievances, a complaint with the Department of Labor, and nine informal complaints alleging discrimination or reprisal for having filed his earlier complaints. He also enlisted the aid of his congressman.

## II

 The AJ held that Mr. Braun failed to make a non-frivolous allegation that, if proven, could establish that his resignation was involuntary. In so holding, the AJ stated, "at the time of his resignation[,] no current action by the agency could be viewed as a threatened or attempted removal." Slip op. at 4. Specifically, at that time, the agency was not going to remove him, to discipline him, to suspend him, to demote him, or to withhold or deny his leave. Although "[a] resignation is either voluntary or involuntary on the date it is submitted and jurisdiction must be determined as of that date," *Cruz,* 934 F.2d at 1244, the AJ's reliance on this snapshot at the instant of Mr. Braun's resignation misses the point. "To determine whether a resignation or retirement is voluntary, a court must examine 'the surrounding circumstances to test the ability of the employee to exercise free choice.'" *Scharf v. Department of the Air Force,* 710 F.2d 1572, 1574 (Fed.Cir.1983) (quoting *Perlman v.*

---

1. We do not find it necessary to address Mr. Braun's assertion of deceit in the case sub judice, even though deceit alone may support a finding that a resignation was involuntary. Also, since the AJ did not address the issue of timeliness, we do not address it either.

*United States*, 490 F.2d 928, 933 (Ct.Cl. 1974)). The record suggests that the supervisor's disciplinary actions were not infrequent—eleven actions in seventeen months. The frequency of the supervisor's actions thus bears upon the voluntariness of Mr. Braun's resignation, as do Mr. Braun's prior successful evaluations and his successful grievances. The AJ should also consider the issues of possible abuse of agency procedures and discretion. An agency must have reasonable grounds for threatening to take disciplinary actions. Merely because problems manifest themselves with the arrival of a new supervisor, however, does not *require* a conclusion that the new supervisor has targeted the disciplined employee.

## III

■ Section 7703 of Title 5 strictly limits and defines our review of Board decisions. We must affirm the Board's decision unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1988). In light of what we have stated above and our careful consideration of the record before us, we hold that the AJ's decision was unsupported by substantial evidence and not in accordance with the law. We further hold that Mr. Braun has made a non-frivolous allegation that, if proven, could establish that his resignation was coerced. This non-frivolous allegation is all that is required to trigger the Board's jurisdiction at this threshold stage. *Dumas v. Merit Sys. Protection Bd.*, 789 F.2d 892, 893–94 (Fed.Cir.1986); *see also Smith v. Department of Educ.*, 23 M.S.P.R. 532, 534 (1984) ("A non-frivolous allegation of the involuntariness of a retirement warrants a hearing on that issue." (citing *Rafferty v. Department of Health and Human Serv.*, 22 M.S.P.R. 4 (1984); *Bingham v. Department of Health and Human Serv.*, 20 M.S.P.R. 165

(1984); *Jovanovich v. Veterans Admin.*, 3 MSPB 510, 3 M.S.P.R. 438 (1980))); *Patterson v. Department of the Army*, 20 M.S.P.R. 272, 273 (1984) ("Since an involuntary retirement or resignation is tantamount to removal, a non-frivolous allegation of the involuntariness of a resignation or retirement warrants a hearing on that issue." (citing *Bell v. Groak*, 371 F.2d 202, 204 (7th Cir.1966); *Goodman v. United States*, 358 F.2d 532, 533 (D.C.Cir.1966); *Farrell v. Gardner*, 279 F.Supp. 427 (E.D.Penn.1968); *Foeckler v. Veterans Admin.*, 4 MSPB 246, 4 M.S.P.R. 163 (1980); *Cahill v. Department of Agric.*, 4 MSPB 26, 3 M.S.P.R. 505 (1980))). It would be illogical to require a petitioner to prove in advance by preponderant evidence that a resignation or retirement was involuntary to secure a hearing on that very issue.[2] When there is a question as to the voluntariness of the petitioner's resignation or retirement, *and* the petitioner makes a non-frivolous allegation of the involuntariness of the resignation or retirement, an evidentiary hearing is required to determine whether the resignation or retirement was in fact involuntary. Mr. Braun's situation meets these criteria and a "voluntariness hearing" is thus required. At that hearing, Mr. Braun bears the burden of proving by preponderant evidence that his resignation was involuntary and that the board thus has jurisdiction to hear the merits.

We therefore vacate the AJ's dismissal and remand for an evidentiary hearing. At the hearing, the AJ should (1) redetermine the voluntariness of Mr. Braun's resignation; (2) make a determination of the timeliness of Mr. Braun's petition; and (3), if appropriate, make a determination on the merits.

## COSTS

Each party shall bear its own costs for this appeal.

### VACATED AND REMANDED.

---

2. The AJ stated, "Since the voluntariness of the resignation is a jurisdictional question, the appellant bears the burden of proving the issue by preponderant evidence." Slip op. at 2 (citing 5 C.F.R. § 1201.56(b)(2)(i) [sic, (a)(2)(i)] (1994)). To establish his right to a hearing, however, Mr. Braun need *not* make a showing by preponderant evidence.