Jean M. MAHONEY, Petitioner,

v.

**DEPARTMENT OF JUSTICE,**
Respondent.

No. 01–3161.

United States Court of Appeals,
Federal Circuit.

Dec. 19, 2001.

Before LOURIE, RADER, and
GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Jean M. Mahoney ("Mahoney") appeals from the decisions of the Merit Systems Protection Board ("MSPB") dismissing her appeals for lack of jurisdiction. *Mahoney v. Dep't of Justice*, No. CH–0752–00–0472–I–1, *Mahoney v. Dep't of Justice*, No. CH–3443–00–0601–I–1 (M.S.P.B. Jun.30, 2000). Because the MSPB's dismissal of Mahoney's appeals was not arbitrary, capricious, or an abuse of discretion or otherwise not in accordance with the law, we *affirm* the MSPB's dismissal.

Mahoney was an Administrative Officer (GS–12/8) with the United States Marshals Service ("USMS") in St. Louis, Missouri. On January 25, 2000, Mahoney tendered a personnel form stating in relevant part: "Due to the adversarial conditions created in the workplace by CDUSM Rickey and USM Gant I find it necessary to resign from the U.S. Marshals Service. There are many reasons I plan to follow up with at [USMS] HQ." Mahoney's resignation form SF52 indicates "3/14/00" as the approval date. In February of 2000, Mahoney was retained on a temporary assignment by other USMS officials to perform work from her home for the USMS Office of Finance at the agency's headquarters in Arlington, Virginia. On March 14, 2000, the USMS removed and terminated Mahoney from that position. Mahoney timely appealed her resignation as involuntary and her removal from the temporary assignment.

The MSPB consolidated the appeals and determined that it did not have jurisdiction and dismissed both appeals. The MSPB held that: (1) Mahoney's resignation became effective as of January 25, 2000; (2) Mahoney failed to raise a non-frivolous involuntariness allegation; and (3) Mahoney failed to establish jurisdiction because the USMS removed her from a temporary appointment.

Pursuant to 5 U.S.C. § 7703(c)(1)-(3) (2000), we must affirm the MSPB unless its decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir.2000). Whether the MSPB has jurisdiction over a particular appeal is a question of law that this court reviews *de novo*. *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed.Cir.1999).

■ Resignations are presumed to be voluntary. *Christie v. United States*, 207 Ct.Cl. 333, 518 F.2d 584, 587 (Ct.Cl.1975). In order to overcome the presumption of voluntariness and to establish MSPB jurisdiction, appellant bears the burden of proving by a preponderance of the evidence that the resignation was involuntary and thus tantamount to a forced removal. *Shoaf v. Dep't of Agriculture*, 260 F.3d 1336, 1341–42 (Fed.Cir.2001). If the appellant makes a non-frivolous allegation of involuntariness, an evidentiary hearing is required. *Braun v. Dep't of Veterans Affairs*, 50 F.3d 1005, 1008 (Fed.Cir.1995). This court has recognized three bases as grounds for involuntary resignation allegations: (1) the agency threatened an adverse action against the employee, *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1251–53 (Fed.Cir.1991); (2) the agency misinformed or deceived the employee, *Covington v. Dep't of Health and Human Servs.*, 750 F.2d 937, 942 (Fed.Cir.1984); or (3) the agency coerced the resignation of the employee by creating intolerable working conditions, *Braun*, 50 F.3d at 1007–08.

■ Mahoney's appeal raises two allegations of involuntariness, pre-resignation coercion and post-resignation misleading.

First, Mahoney contends that the resignation's description of "intolerable working conditions" constitutes a *prima facie* non-frivolous coercion allegation. "An allegation standing alone, however, is not sufficient. Although an appellant need not prove her entire case before she is entitled to a hearing, the [MSPB] may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations." *Briscoe v. Dep't of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed.Cir.1995) Mahoney provides no supporting evidence for her allegation of intolerable working conditions beyond mere unsupported allegations, and therefore the MSPB correctly determined that Mahoney's first involuntariness allegation was frivolous.

■ Mahoney's second allegation is that USMS somehow misled her into believing that her January 25, 2000, resignation was not accepted. This allegation is frivolous because "[r]esignation is either voluntary or involuntary on the date it is submitted and jurisdiction must be determined as of that date." *Cruz*, 934 F.2d at 1244. Mahoney's reliance on her resignation's "3/14/00" approval date is misplaced. The employee, not the agency, sets the effective date of the employee's resignation. Whether or not the agency "ratifies" the resignation is irrelevant. An employee is free to resign at any time, to set the effective date, and to have his reasons for resigning entered in his official records, 5 C.F.R. § 715.202(a). Resignation results in the employee's complete separation, which after it becomes effective, may not be revoked at the employee's option. A resignation is an employee initiated action. Nothing in law or regulation permits an agency to revoke resignations subsequent to their effective date. *Anderson v. Office of Pers. Mgmt.*, 10 MSPB 49, 11 M.S.P.R. 60, 64 (1982).

■ Finally, Mahoney also alleges that the MSPB erred in denying jurisdiction because her post-resignation position as a Financial Obligations Analyst entitled her to appeal to the MSPB. Mahoney relies on a personnel action form indicating that the action was a "reassignment." However, the word "reassignment" was marked over and a written notation inserted that the assignment was temporary and not to extend beyond March 14, 2000. Because she had resigned effective January 25, 2000, Mahoney could not have been reassigned. Moreover, Mahoney could not have been appointed to a position with MSPB appeal rights because the record lacks the essential prerequisite of "an authorized appointing officer who takes an action that reveals his awareness he is making an appointment in the United States civil service." *Bevans v. Office of Pers. Mgmt.*, 900 F.2d 1558, 1563 (Fed.Cir.1990). As Mahoney was a temporary employee, she had no appeal rights and the MSPB was correct in dismissing her second appeal.

The MSPB's dismissal for lack of jurisdiction was not arbitrary, capricious, or an abuse of discretion. The MSPB's decision was in accordance with the law and was supported by substantial evidence of record. Thus, we affirm the decision of the MSPB.

Each party to bear its own costs.