**Damon ZARZESKI, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 01–3333.

United States Court of Appeals, Federal Circuit.

March 5, 2002.

Before MAYER, Chief Judge, LINN, and PROST, Circuit Judges.

PER CURIAM.

Damon Zarzeski appeals from a final order of the Merit Systems Protection Board ("Board") dismissing Zarzeski's claim for lack of jurisdiction. The Board found that Zarzeski failed to make a non-frivolous allegation that his transfer and consequent change to lower grade was involuntary, and that accordingly he was not entitled to a hearing on the issue of jurisdiction. *Zarzeski v. United States Postal Serv.*, No. AT–0752–00–0766–I–1 (M.S.P.B. November 3, 2000) (initial decision). Because Zarzeski has not demonstrated that the Board's decision was in error, we *affirm*.

## BACKGROUND

On May 20, 2000, Zarzeski was transferred from the position of Manager, Accounting Operations for the Suncoast District of the Postal Service in Tampa,

Florida, to Supervisor, Customer Services, a transfer that involved a reduction in grade but no reduction in salary ("saved salary"). This transfer was the outcome of a yearlong process of evaluation of Zarzeski's performance in his managerial position. On May 10, 2000, his supervisor, Julia Lavender, informed him he would either have to accept a transfer or face possible disciplinary action. Six days later, Zarzeski signed an agreement "voluntarily accept[ing]" the proposed transfer and acknowledging the saved salary and reduction in grade. Zarzeski attempted to cross out the word "voluntarily" and replace it with "involuntarily," but was informed by Lavender that he had to sign the agreement as drafted.

Zarzeski appealed to the Board, alleging a "constructive downgrade coerced under threat" and asking to be restored to his former position or to receive his former grade ("saved grade") in his new position. The administrative judge ("AJ") dismissed Zarzeski's appeal for lack of jurisdiction without holding a hearing on the jurisdictional issue. The full Board denied Zarzeski's petition for review, and the initial decision became final. Zarzeski timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

■ The scope of our review of this appeal is limited by statute. *See* 5 U.S.C. § 7703(c) (2000). We must affirm the decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Id.; Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). Whether the Board has jurisdiction over a particular appeal is a question of law that this court reviews de novo. *Middleton v.*

*Dep't of Defense*, 185 F.3d 1374, 1379 (Fed. Cir.1999).

■ For the Board to have appellate jurisdiction over a reassignment, the appellant must prove that the reassignment was involuntary. *See* 5 U.S.C. § 7512(3) (2000); *Middleton*, 185 F.3d at 1379 (placing the "burden of pleading and proving involuntariness" on the appellant). Here, Zarzeski signed an agreement stating that he voluntarily accepted his transfer. We must presume, therefore, that he transferred voluntarily. Zarzeski seeks to overcome this presumption by arguing misrepresentation by the agency, duress, and coercion.

■ Zarzeski's only evidence of misrepresentation is his assertion that Lavender told him on May 10, 2000 that saved grade would be "no problem." Even assuming Lavender may have said this, the written offer he was subsequently presented, which he read and signed, contained no such promise of saved grade. Zarzeski states that, until he read the draft copy of the agreement, he had no warning that he would not receive saved grade. However, the evidence in the record, including sworn statements from Postal Service human resources professionals, is to the contrary. Zarzeski's bare allegation of misrepresentation, for which he provided no evidence even when required to do so by the AJ, is simply insufficient to mandate that a jurisdictional hearing be held. "An allegation standing alone ... is not sufficient. Although an appellant need not prove her entire case before she is entitled to a hearing, the board may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations." *Briscoe v. Dep't of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed.Cir.1995).

It is proper to find that duress was employed where a party shows "(1) that

one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." *Fruehauf Southwest Garment Co. v. United States,* 126 Ct.Cl. 51, 111 F.Supp. 945, 951 (1953). Here, Zarzeski does not allege that he had only one alternative. He simply alleges that he had no alternative but to sign the agreement if he wanted to accept the voluntary transfer. He also refers to the pressure he was under to sign. However, that pressure was not due to coercion or the lack of alternatives. It was simply the reality of his facing two unpleasant choices. Zarzeski cites Lavender's refusal to allow him to change the wording of the agreement, but such refusal does not evidence coercion or duress. In the May 10 meeting, Lavender gave Zarzeski notice of the alternative he would face six days later: he could voluntarily transfer, possibly with loss of grade, or he could remain in his current position and await a corrective action plan, with possible discipline. Zarzeski had an alternative; the fact that neither alternative was completely satisfactory did not make his choice involuntary. *See Staats v. United States Postal Serv.,* 99 F.3d 1120, 1124 (Fed.Cir.1996) (holding that an employee's choice may be voluntary even when "limited to two unattractive options").

■ *Braun v. Department of the Interior,* 50 F.3d 1005 (Fed.Cir.1995), on which Zarzeski bases his appeal, is not to the contrary. In *Braun,* the appellant had made a non-frivolous allegation that, if proven, could establish that his resignation had been coerced. Here, even if Zarzeski established at a jurisdictional hearing all the facts he alleged in his chronology and the pre-hearing conference, he would still be unable to show that his transfer was involuntary. Thus, his submissions did not raise any non-frivolous allegation that the transfer was involuntary.

■ Since Zarzeski failed to make a non-frivolous allegation that his choice was involuntary, the Board was not required to hold a hearing on the jurisdictional issue. Thus, the Board's dismissal for lack of jurisdiction without a hearing was not arbitrary, capricious, or an abuse of discretion. The Board's decision was in accordance with the law and was supported by substantial evidence of record. Accordingly, we *affirm* the decision of the Board.

Each party to bear its own costs.