David WEST, Petitioner,

v.

The SMITHSONIAN INSTITUTION,
Respondent.

No. 02–3030.

United States Court of Appeals,
Federal Circuit.

July 16, 2002.

Before RADER, GAJARSA, and
PROST, Circuit Judges.

## DECISION

PER CURIAM.

Petitioner David West, a former employee of the Smithsonian Institution ("Smithsonian"), seeks review of the final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction because it was based on a voluntary act, his disability retirement. *West v. Smithsonian, Inst.*, No. DC–0752–01–0175–I–1, slip op. (M.S.P.B. Mar. 9, 2001), recons. denied, slip op. (M.S.P.B. Sept. 28, 2001). For the reasons stated below, this court *vacates* and *remands*.

Petitioner was a GS–05 Security Assistant at the Smithsonian Office of Protection Services. On October 3, 1995 Mr. West incurred a crush injury to the two smallest fingers of his right hand, and his smallest finger was amputated. He returned to work following his injury, but on August 25, 2000 he filed a disability application with a Statement of Disability where he stated, "I cannot perform any aspect of my job." In the Statement of Disability he further explained that he takes five prescription drug pills daily for the pain and stated "I cannot perform any job taking the medication to control the chronic nerve pain." Appellant, on a pro se basis, appealed the disability retirement to the Board, asserting that he was constructively dismissed and that his retirement was not voluntary. The administrative judge ("AJ") dismissed the appeal without a hearing on jurisdiction, concluding that the retirement was, in fact, voluntary, and therefore not within the Board's jurisdiction. *West*, No. DC–0752–01–0175–I–1, slip op. at 6 (M.S.P.B. Mar. 9, 2001). The Board denied a petition for review, and Mr. West appealed the decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Shoaf v. Dep't of Agriculture*, 260 F.3d 1336, 1340 (Fed.Cir. 2001).

A retirement is presumed to be a voluntary act and is, therefore, beyond the Board's jurisdiction. *See Mintzmyer v. Dep't of the Interior*, 84 F.3d 419, 423 (Fed.Cir.1996). However, the Board does have jurisdiction over an appeal by an employee whose retirement or resignation was involuntary, and was therefore a constructive removal. *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1244 (Fed.Cir.1991) (en banc). A non-frivolous allegation of involuntariness is sufficient to trigger Board jurisdiction at the threshold stage and warrant a hearing on the issue of voluntariness. *Braun v. Dep't Veterans Affairs*, 50 F.3d 1005, 1008 (Fed.Cir.1995).

In this case the AJ found that in order to prevail Mr. West had to assert a non-frivolous allegation of facts which, if proven, would establish a prima facie case of jurisdiction. *West*, No. DC–0752–01–0175–I–1, slip op. at 4 (M.S.P.B. Mar. 9, 2001). The AJ explained that he had advised Mr. West that in order to assert a prima facie case of involuntariness sufficient to give the Board jurisdiction, he must show (1) that prior to his separation he indicated to the agency that he wished to continue working despite his medical limitations, (2) that there was an accommodation available on the date of his separation, either at or below his grade level, that would have allowed him to continue his employment, and (3) that the agency did not provide him that accommodation. *Id.*

The AJ found that Mr. West failed to meet the jurisdictional requirements be-

cause the record evidence "reflects a number of occasions where the appellant unqualifiedly stated that he was unable to work, with or without accommodation." *West*, No. DC–0752–01–0175–I–1, slip op. at 4 (M.S.P.B. Mar. 9, 2001). Finding that Mr. West was not the victim of discrimination in connecting with his retirement, the AJ also found that he could not review Mr. West's disability discrimination claim because that claim is not an independent source of Board jurisdiction. *Id.* at 5.

■ We find that the Board erred in dismissing Mr. West's claim for lack of jurisdiction without having a hearing on the issue of voluntariness. In *Nordhoff v. Dep't of Navy*, the Board vacated an AJ dismissal of a disability retirement case for lack of jurisdiction. 64 M.S.P.R. 478 (M.S.P.B.1994) ("*Nordhoff I*"). It explained:

> Despite the insufficiency of the appellant's medical evidence, there is a question whether that insufficiency, and ultimately the appellant's decision to apply for disability retirement, resulted from the agency's failure to inform him adequately about his right to reasonable accommodation of his disability. All that an agency needs before its duty to accommodate arises is a reasonable suspicion of a disabling condition, not definitive proof.

*Id.* at 483–84. Under *Nordhoff I*, if an agency has not informed the appellant of this right to accommodation, the appellant's retirement may be involuntary because the retirement may have been based on incorrect or inadequate information. *Id.* at 484. In addition, under Board precedent, it is the appellant's burden to show "that there was an accommodation available on the date of his separation that would have allowed him to continue his employment, and that the agency did not provide him that accommodation." *Nor-*

dhoff v. Dep't of Navy, 78 M.S.P.R. 88, 91 (M.S.P.B.1998) ("*Nordhoff II* ").

In this case, the AJ prematurely dismissed Mr. West's assertions of involuntariness. Mr. West has repeatedly asserted that the agency did not accommodate his injuries and that has led to his disability retirement. The record is not complete as to whether or not he was adequately notified by the agency as to his right to reasonable accommodation. If the agency had not so informed him, then the appellant's retirement may be involuntary under *Nordhoff I & II*, if the retirement was based on incorrect or inadequate information, and West meets the further requirement of showing that there was an available accommodation that would have allowed him to continue his employment and that the agency did not provide him that accommodation. *Nordhoff I*, 64 M.S.P.R. at 484; *Nordhoff II*, 78 M.S.P.R. at 91. Therefore, the Board should have applied *Nordhoff I* to require a hearing, there being a question as to whether appellant's decision to apply for disability retirement resulted from the agency's failure to inform him adequately about his right to reasonable accommodation of his disability. Furthermore, Mr. West's single statement in his disability application about his inability to perform any job, possibly made without his being apprised of his right to accommodation, is not sufficient to overcome his other assertions that accommodation was wrongfully denied him, and therefore does not automatically negate jurisdiction.

■ In addition, the AJ erred in requiring that Mr. West show that prior to his separation he indicated to the agency that he wished to continue working despite his medical limitations. This requirement, for which the AJ cited no precedent, cannot be consistent with the Board precedent requiring that a disabled employee be noti-

fied of his right to accommodation, unless the employee has already been notified of this right.

Mr. West's assertions on the issue of the voluntariness of his disability retirement are sufficient to trigger jurisdiction at the threshold stage and to trigger a hearing on the issue of voluntariness. Therefore, it was an error for the Board to dismiss this case for lack of jurisdiction.

For these reasons, the final decision of the Board is vacated and remanded.

No costs.