**Anthony J. MILAZZO, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 02–3403.

United States Court of Appeals, Federal Circuit.

DECIDED: March 6, 2003.

Before MAYER, Chief Judge, RADER and BRYSON, Circuit Judges.

PER CURIAM.

Anthony J. Milazzo seeks review of the December 28, 2001, decision of the Merit Systems Protection Board, Docket No. DA0752010640–I–1, 93 M.S.P.R. 304, 2002 WL 1906217, dismissing his appeal for lack of jurisdiction. Because the board properly dismissed Milazzo's appeal for failure to make an adequate showing that his retirement was involuntary, we *affirm.*

In December of 1999, Milazzo, represented by counsel, entered into a settlement agreement with the United States Postal Service whereby he agreed to retire effective September 1, 2000. In July of 2000, Milazzo requested that the Postal Service postpone his retirement to allow him to use the remainder of his sick leave. The request was denied, and Milazzo filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). EEOC denied his request for a hearing because he alleged involuntary retirement, which is appealable to the board. Milazzo appealed to the board alleging that his

retirement was involuntary. After holding a hearing on the issue, the board dismissed the appeal for lack of jurisdiction.

We must affirm the decision of the board unless we find that it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). An employee's resignation or retirement is presumed to be voluntary, and an employee who voluntarily retires has no right to appeal to the board. *See Staats v. United States Postal Serv.*, 99 F.3d 1120, 1123 (Fed.Cir.1996). The board may assume jurisdiction over an appeal by an employee who has resigned or retired only if he shows that his resignation or retirement was involuntary. *See Mueller v. United States Postal Serv.*, 76 F.3d 1198, 1201 (Fed.Cir.1996); *Braun v. Dep't of Veterans Affairs*, 50 F.3d 1005, 1007 (Fed.Cir.1995). To demonstrate that a resignation or retirement was involuntary, the employee must show: (1) that the resignation or retirement was the product of misinformation or deception by the agency, *see Covington v. Department of Health & Human Services*, 750 F.2d 937, 942 (Fed.Cir.1984); or (2) that the resignation or retirement was the product of coercion by the agency, *see Dumas v. Merit Systems Protection Board*, 789 F.2d 892, 894 (Fed.Cir.1986).

The administrative judge considered each of Milazzo's allegations of misinformation and coercion, and examined the surrounding circumstances under which he agreed to retire. Milazzo testified that he was an active participant in the mediation, was represented by counsel, and received no information from the Postal Service about his retirement rights. Thus, the record supports the board's finding on the absence of misinformation, deception, or coercion by the Postal Service.