**Martin L. SCRUGGS, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 03–3257.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 8, 2004.

Before CLEVENGER, LINN, and PROST, Circuit Judges.

PER CURIAM.

Martin L. Scruggs seeks review of the Final Order of the Merit Systems Protection Board ("Board") dismissing his appeal. *Scruggs v. Department of the Army,* Docket No. NY–0752–02–0165–I–1, 94 M.S.P.R. 485, 2003 WL 21748297 (July 10, 2003). We *affirm.*

I

In June of 1999, Mr. Scruggs went to work as an Education Services Specialist in the New York City Recruiting Battalion. On or about March 6, 2000, Mr. Scruggs resigned, stating on his Standard Form 52, Request for Personnel Action, that he was resigning because he was unable to find housing in the New York City area. He also made a written statement that his resignation was due to stress in his present position and concern for his health.

He stated that he had not mentioned stress on his official form for fear such would lessen his chances of finding other work.

On February 10, 2002, Mr. Scruggs filed an appeal with the Board, arguing that he had not voluntarily resigned but instead had been compelled to resign involuntarily due to intolerable working conditions. Resignations are presumed to be voluntary, and a voluntary resignation is not a personnel action over which the Board has jurisdiction. *Staats v. United States Postal Service*, 99 F.3d 1120, 1123–24 (Fed.Cir. 1996). A forced resignation, however, is an adverse agency action over which the Board has jurisdiction. *Id.* at 1124. The appellant, here Mr. Scruggs, has the burden of proof by a preponderance of the evidence to show that his resignation was compelled by agency action. 5 C.F.R. § 1201.56(a)(2)(2001). The Board will find a resignation involuntary, and thus an appealable adverse action, when, among other things, the resignation results from conduct that amounts to agency-created coercion or duress, when viewed objectively in the context of the surrounding circumstances. *Braun v. Dep't of Veterans Affairs*, 50 F.3d 1005, 1007 (Fed.Cir.1995).

## II

The Administrative Judge ("AJ") assigned to Mr. Scruggs's appeal held a hearing to assess the evidence to determine whether Mr. Scruggs voluntarily resigned his position, or instead whether his resignation was involuntary.

Shortly after Mr. Scruggs went to work in New York, a new commanding officer took over. The new command was strict and demanded that Mr. Scruggs complete a school penetration plan by a specific date in the fall of 1999, which he failed to meet. In January of 2000, the commanding officer ordered Mr. Scruggs to move his desk close to her office, to allow her to monitor his performance more closely. When Mr. Scruggs complained that such a move was demeaning to him, the commanding officer rescinded the order and asked for daily briefings on his progress in completion of the school plan. Mr. Scruggs and the commanding officer continued to work on the plan, but at some meetings the commanding officer had present her German Shepherd dog. Mr. Scruggs testified that he was frightened by the dog, whose presence in his view created an intolerable working condition.

When his superior gave him written counsel of unsatisfactory work performance and unacceptable conduct in resisting the order to move his desk, Mr. Scruggs filed an EEO complaint, alleging that he was discriminated against on the grounds of race, color and sex. At a meeting on March 6, 2000, to discuss the EEO complaint, Mr. Scruggs became angry and orally resigned in protest. He submitted his written resignation later the same day.

## III

The AJ rejected Mr. Scruggs's contention that the presence of the dog created an intolerable workplace. According to the commanding officer, whose testimony the AJ credited, the dog was meek and did not pose a threat. Also, before conducting business in the presence of the dog, the AJ found that the commanding officer asked if the dog's presence was a problem. The commanding officer could recall only one instance in which a complaint was raised, and then the dog was removed from the room. Mr. Scruggs did not testify that the dog growled at him or showed any other signs of aggression. On these facts, the AJ held that the dog's presence did not create an intolerable workplace.

After hearing testimony from Mr. Scruggs and the agency on his allegation that the demands on him for performance and the order to move his desk were so excessive as to create an intolerable workplace, the AJ discredited Mr. Scruggs's testimony. Instead, the AJ credited the agency's testimony that the pressures to which Mr. Scruggs were subjected were not so great as to be intolerable.

The AJ thus concluded that the facts undermine Mr. Scruggs's contention that he was forced to resign due to intolerable working conditions. When the full Board declined to review the AJ's initial decision, that decision became the final decision of the Board, and Mr. Scruggs timely sought review from us.

## IV

We review the final decision of the Board to determine if it is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. §§ 7703(c)(1), (2) (2000). When the Board's decision rests on findings of fact, those findings must be supported by substantial evidence. *Id.* § 7703(c)(3).

■ As noted above, Mr. Scruggs bears the burden of proving, by a preponderance of the evidence, that his resignation was not voluntary, but was compelled by intolerable work conditions, duress or coercion. His informal brief recites his view that the presence of the dog at some meetings and the level of intense supervision to which he was subjected created a workplace of such intolerable character that a reasonable person would have no choice but to resign. On these points, the record is clear that substantial evidence supports the findings of fact adverse to Mr. Scruggs's claim. No error infects the Board's conclusion that his resignation was voluntary.

■ Mr. Scruggs also argues that the Board failed to give adequate consideration to the fact that he is a Vietnam combat veteran suffering from Post Traumatic Stress Disorder. The test for determining when duress vitiates an apparently voluntary resignation is objective. The employee's subjective feelings are irrelevant. *Middleton v. Dept. of Defense,* 185 F.3d 1374, 1379 (Fed.Cir.1999). The question is not whether Scruggs might have been more easily stressed than other persons, but whether Scruggs has shown that "a reasonable employee confronted with the same circumstance would feel coerced into resigning." *Id.* (citing *Braun,* 50 F.3d at 1007–08). The Board applied this standard and correctly concluded, based on substantial evidence, that the workplace conditions were not so intolerable as to coerce a reasonable employee in Scrugg's circumstances to resign.

We have considered the other arguments raised by Mr. Scruggs, and we find that they, like the arguments discussed above, do not demonstrate reversible error in the Board's decision. We thus conclude that the Board's decision that Mr. Scruggs voluntarily resigned must stand. The final decision of the Board is affirmed.