NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3208

WARREN S. MATTHEWS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  November 17, 2004

_____

Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and BRYSON, <u>Circuit Judge</u>.

PER CURIAM.

Warren S. Matthews petitions for review of the decision of the Merit Systems Protection Board, Docket No. NY3443010339-B-1, dismissing his appeal.  We <u>affirm</u> the decision of the Board.

**Background**

Mr. Matthews was employed as a mail carrier by the U.S. Postal Service in Baltimore, Maryland. In 1986 he requested a transfer from Baltimore to the Binghamton, New York area so that his wife could care for her ill parents, who lived in the area. Although he had not been transferred, Mr. Matthews moved his family to Binghamton in October 1989 and continued to work in Baltimore. Due to the difficulties of this arrangement, he resigned on February 21, 1991.

Mr. Matthews appealed the agency's failure to transfer him on August 27, 2001. In the Initial Decision the administrative judge dismissed the appeal on the ground that Mr. Matthews had not established that the Board had jurisdiction of the appeal. The AJ observed that an agency's decision not to select an employee for a particular position is not appealable to the Board. The full Board, vacating that ruling, characterized Mr. Matthews' claim as one for involuntary retirement rather than non-selection for a particular position. The Board remanded so that the AJ could apprise Mr. Matthews of what he must show in order to establish the Board's jurisdiction, citing Burgess v. Merit Systems Protection Board, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

Upon remand, the AJ found that Mr. Matthews had established that the Board had jurisdiction of his claim for involuntary retirement, but had not pleaded facts that, if proven, would establish such a claim. The AJ also found that Mr. Matthews had not shown that his appeal was timely or that conditions existed that excused the late filing of his appeal. The AJ dismissed the appeal, the full Board declined further review, and this appeal followed.

**Discussion**

Voluntary resignation from federal employment is not appealable to the Board. See, e.g., Braun v. Department of Veterans Affairs, 50 F.3d 1005 (Fed. Cir. 1995). However, an employee's resignation is not voluntary if it is deemed to have been coerced by the agency. In order to show coercion the employee must establish that "the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." Staats v. United States Postal Service, 99 F.3d 1120 (Fed. Cir. 1996) (citing Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed. Cir. 1987)).

The act that Mr. Matthews identifies as an act of coercion is the agency's failure to transfer him to Binghamton. However, the circumstances that made his continued employment in Baltimore intolerable were not the result of actions taken by the agency. Although Mr. Matthews moved his family to Binghamton for strong family reasons, the agency has no obligation to help solve the problems that accompanied that move. Coercion requires more than unpleasant or difficult circumstances. Cf. Staats, 99 F.3d at 1124 ("[T]he doctrine of coercive involuntariness is a narrow one. It does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave.") Transfer to a remote location is not a routine aspect of employment, and failure to transfer, without more, is not reasonably viewed as grounds of coerced resignation.

Mr. Matthews states that there were issues of discrimination in the agency's refusal to transfer him to Binghamton, while offering to transfer him to New York City. To the extent the discrimination issues were before the Board, for appeal to this court the discrimination aspects must be waived. See Williams v. Department of the Army, 715 F.2d 1485, 1491 (Fed. Cir. 1983) ("We hold that where jurisdiction lies in the district court under 5 U.S.C. §7703(b)(2)[1], the entire action falls within the jurisdiction of that court and this court has no jurisdiction, under 5 U.S.C. §7703(b)(1), over such cases. This holding is limited to situations in which the employee is challenging judicially the board's determinations of both the discrimination and the nondiscrimination issues.").

Substantial evidence supports the Board's conclusion that the agency's failure to grant the requested transfer does not meet the criteria of a coerced resignation. We affirm on this ground, and do not address the Board's further finding that the appeal was untimely filed.

No costs.

---

[1] 5 U.S.C. §7703(b)(2) provides:
(2) Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. §2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702.