NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3254

PAUL L. ELINBURG,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

_____

DECIDED: December 22, 2006
_____

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Paul L. Elinburg petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF0752050900-I-1, dismissing his appeal for lack of jurisdiction. We affirm the decision of the Board.

BACKGROUND

Mr. Elinburg was employed as Manager of Post Office Operations with the United States Postal Service, San Jose Postal District, in Fresno, California. When Mr. Elinburg's position was eliminated by a reduction in force in early 2003, he applied for seven other positions and was offered one of them, which he then declined to accept. He was eventually assigned to a position of "Officer in Charge" in Madera, California. Following this assignment Mr. Elinburg resigned, effective October 17, 2003.

Following his resignation Mr. Elinburg appealed to the Board, stating that his resignation was not voluntary but had been coerced. He alleged discrimination based on his race (Caucasian), color (white), sex (male), age (54), national origin, and retaliation for previous equal employment opportunity complaints (ten of them, by Respondent's count). He also sought to appeal the agency's failure to select him for promotion, the "negative suitability determination" that led to those non-selections, and the denial of an interview for promotion. He requested, inter alia, reinstatement into the Postmaster position in Salinas, California, compensatory damages of $300,000, and punitive damages of $2,000,000.

The Board responded that it appeared to lack jurisdiction over Mr. Elinburg's voluntary resignation and instructed him to provide evidence establishing jurisdiction. Mr. Elinburg responded that he was coerced to resign because he had been reassigned to a position he did not want, had either been denied or had no response concerning the positions for which he had applied, was currently under investigation by the agency, and

was concerned about violence from other employees, including one who was rumored to "[have] a bullet with [his] name on it." The Board did not consider these allegations sufficient to establish that his retirement was coerced, and dismissed his appeal for lack of jurisdiction. This petition followed.

## DISCUSSION

Resignations are presumed to be voluntary, and thus not appealable to the Board. See, e.g., Braun v. Department of Veterans Affairs, 50 F.3d 1005 (Fed. Cir. 1995). However, a resignation is not voluntary if it was coerced by actions of the agency. In order to show such coercion, the employee must establish that "the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." Staats v. United States Postal Service, 99 F.3d 1120 (Fed. Cir. 1996) (citing Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed. Cir. 1987)).

The only act that Mr. Elinburg identifies as one of coercion is the agency's assignment of him to a position he did not desire. He does not allege any facts that would associate the Postal Service with the threats he reports, or that the agency's investigation was improper.

We have previously held that similar situations do not establish coercion to resign from employment. See Staats, 99 F.3d at 1124 ("[T]he doctrine of coercive involuntariness is a narrow one. It does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures

that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave.").

Reversible error has not been shown in the Board's conclusion that Mr. Elinburg failed to allege actions by the Postal Service which, if proved, would establish that his resignation was coerced. Since his allegations fail as a matter of law, the Administrative Judge was not required to hold a hearing on jurisdiction. See Garcia v. Department of Homeland Security, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc) ("A denial of a request for a hearing would be proper where the claimant has failed to make allegations that, if proven, could satisfy one or more of the elements necessary to establish Board jurisdiction.") Consequently, the decision of the Board must be affirmed.