**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2017 MSPB 2**

Docket No. DE-3443-12-0472-C-1

**Joyce M. Delorme,**

**Appellant,**

**v.**

**Department of the Interior,**

**Agency.**

January 4, 2017

Joyce M. Delorme, Belcourt, North Dakota, pro se.

Teresa M. Garrity, Esquire, Bloomington, Minnesota, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1    The appellant has filed a petition for review of the compliance initial decision, which dismissed her compliance appeal for lack of jurisdiction.  For the reasons set forth below, we GRANT the petition for review, VACATE the compliance initial decision, and REMAND the compliance appeal to the field office for further adjudication consistent with this Opinion and Order.

## BACKGROUND

¶2    The agency appointed the appellant to the excepted-service position of Police Officer in the Office of Justice Services for the Bureau of Indian Affairs (BIA), in March 2011.  *Delorme v. Department of the Interior*, MSPB Docket

No. DE-3443-12-0472-I-1, Initial Appeal File (IAF), Tab 7 at 21-22, 31-32. Citing regulations pertaining to the termination of probationers, the agency separated the appellant in July 2012. *Id*. at 21-23 (citing 5 C.F.R. § 315.804).

¶3        The appellant filed a Board appeal. IAF, Tab 1. Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not meet the definition of "employee" under 5 U.S.C. § 7511(a)(1). IAF, Tab 17, Initial Decision (ID). The appellant filed a petition for review, and the Board remanded the matter for further adjudication. *Delorme v. Department of the Interior*, MSPB Docket No. DE-3443-12-0472-I-1, Remand Order (Sept. 13, 2013), Petition for Review (PFR) File, Tab 4. The Board found that the appellant made a nonfrivolous allegation that she was only required to serve a 1-year probationary period, which she completed prior to her separation, entitling her to a jurisdictional hearing. Remand Order at 7-8.

¶4        On remand, the administrative judge reopened discovery, limited to the jurisdictional issue. *Delorme v. Department of the Interior*, MSPB Docket No. DE-3443-12-0472-B-1, Remand File (RF), Tab 6. While jurisdiction was still unresolved, the parties entered into a settlement agreement. RF, Tab 9 at 4-9. The parties stipulated that the agreement was "submitted for enforcement by the [Board]." *Id*. at 7.

¶5        The administrative judge dismissed the appeal as withdrawn. RF, Tab 10, Remand Initial Decision (RID). In the remand initial decision, the administrative judge found that the settlement agreement was lawful and freely reached. RID at 1-2. He noted that, during a teleconference with the parties' representatives, he reminded them that, due to the unresolved question of whether the Board had jurisdiction over the underlying matter appealed, any settlement agreement they might reach would not be enforceable by the Board, although it still would be a binding contract between the parties. RID at 2. Recognizing that the parties requested in paragraph 6 of the agreement that it "shall be entered into the record with the Merit Systems Protection Board" and that "[t]he parties agree that the

Settlement Agreement is an enforceable contract between the parties," however, the administrative judge accepted the agreement into the record for the limited purpose of memorializing that this appeal was withdrawn as part of an agreement. *Id.* Neither party filed a petition for review of the remand initial decision.

¶6     Following the dismissal of the appeal, the appellant filed a petition for enforcement in October 2015, alleging that the agency violated the agreement. *Delorme v. Department of the Interior*, MSPB Docket No. DE-3443-12-0472-C-1, Compliance File (CF), Tab 1 at 5, 14.

¶7     The administrative judge provided the parties with an opportunity to address whether the Board has jurisdiction over the petition for enforcement, noting that the agreement had not been accepted for enforcement purposes with the Board.  CF, Tab 3 at 2-3.  Thereafter, the administrative judge dismissed the petition for enforcement, concluding that the agreement was not enforceable by the Board because the question of whether the Board had jurisdiction over the underlying matter appealed had not yet been determined.  CF, Tab 12, Compliance Initial Decision at 4-8.

¶8     The appellant has filed a petition for review of the compliance initial decision.  *Delorme v. Department of the Interior*, MSPB Docket No. DE-3443-12-0472-C-1, Compliance Petition for Review (CPFR) File, Tabs 1-2.  The agency has filed a response, and the appellant has replied.  CPFR File, Tabs 4-5.

## ANALYSIS

¶9     The Board's "powers and functions" are set forth under 5 U.S.C. § 1204. In pertinent part, the statute provides that the Board shall:

> (1) hear, adjudicate, or provide for the hearing or adjudication, of all matters within the jurisdiction of the Board . . . ; [and]

> (2) order any Federal agency or employee to comply with any order or decision issued by the Board under the authority granted under paragraph (1) . . . and enforce compliance with any such order.

5 U.S.C. § 1204(a)(1)-(2).  Although section 1204 does not specifically address the Board's authority to settle appeals brought before it, 5 U.S.C. § 7701(h) provides that "[t]he Board may, by regulation, provide for one or more alternative methods for settling matters subject to [its] appellate jurisdiction which shall . . . be in lieu of other procedures provided for under this section."  The Board's decision implementing such a settlement is generally final.  5 U.S.C. § 7701(h).  In turn, the Board's regulations provide that, for the Board to retain jurisdiction to enforce a settlement agreement after the underlying appeal has been dismissed with prejudice, the agreement must be entered into the record of the case.  5 C.F.R. § 1201.41(c)(2).

¶10    Initially, following the Board's creation under the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111, Board precedent provided that the only requirements for it to enter a settlement agreement in the record and retain jurisdiction to enforce it were that the agreement was lawful on its face and reached freely by the parties.  *Richardson v. Environmental Protection Agency*, 5 M.S.P.R. 248, 250 (1981); *see Rivera-Torres v. Department of Navy*, 26 M.S.P.R. 199, 200 (1985); *Placke v. Tennessee Valley Authority*, 13 M.S.P.R. 558, 559 (1982).  In *Richardson*, the Board explained that the resolution of an appeal on the basis of a settlement agreement constitutes a final decision issued under the Board's appellate jurisdiction and, as a result, the Board has authority to enforce the settlement agreement.  *Richardson*, 5 M.S.P.R. at 250; *see Fredendall v. Veterans Administration*, 38 M.S.P.R. 366, 370 (1988) (citing *Richardson* for this proposition), *modified on other grounds by Jones v. Office of Personnel Management*, 61 M.S.P.R. 252, 254 (1994); *cf. Banks v. U.S. Postal Service*, 11 M.S.P.R. 100, 101 (1982) (stating that, in *Richardson*, the Board held that if the settlement agreement is not made a part of the record and the appellant withdraws the appeal, the Board loses jurisdiction).  The Board concluded that to interpret the CSRA in another way would conflict with public policy favoring settlement agreements in civil actions, which serve to avoid

unnecessary litigation and to encourage fair and speedy resolution of issues. *Richardson*, 5 M.S.P.R. at 250.

¶11     The U.S. Court of Appeals for the Federal Circuit has long recognized the Board's authority in this regard.  Citing *Richardson*, it found that "[i]f the MSPB approves the settlement agreement and makes it part of the record, the MSPB 'retain[s] jurisdiction to ensure compliance with the agreement.'"  *Perry v. Department of the Army*, 992 F.2d 1575, 1577 (Fed. Cir. 1993) (quoting 5 C.F.R. § 1201.41(c)(2)(i)).

¶12     The standard set forth in *Richardson* for accepting a settlement agreement into the record for enforcement purposes did not include a requirement that the Board first determine whether it has jurisdiction over the underlying matter appealed.  However, the Board added that requirement in *Shaw v. Department of the Navy*, 39 M.S.P.R. 586, 590-91 (1989), *overruled on other grounds by Joyce v. Department of the Air Force*, 74 M.S.P.R. 112 (1997), *overruled by Sacco v. Department of Justice*, 90 M.S.P.R. 37 (2001).  In doing so, the Board relied on statutory language, including the language codified in 5 U.S.C. § 7701, which concerns the Board's appellate procedures.  The Board reasoned that, under the CSRA, Congress expressed an intent to provide it with authority to settle cases, but only those over which it has jurisdiction.  *Shaw*, 39 M.S.P.R. at 590-91.  In making this determination, the Board held that such a reading of the CSRA, "even if not required, would be a reasonable interpretation of both the [CSRA] and the public policy favoring settlements."  *Id.* at 591.[1]  Since *Shaw*, the Board has consistently held that, before an administrative judge accepts a settlement agreement into the record for enforcement purposes, he must first find that the agreement is lawful on its face; the agreement was freely entered into by

---

[1] We recognize that *Shaw* also concerned the Board's authority to award attorney fees in a case in which the jurisdictional issue had not yet been determined.  Because this case does not concern an attorney fees award, we need not reach that issue here.

the parties; and the subject matter of the appeal is within the Board's jurisdiction. *Evans v. Selective Service System*, 91 M.S.P.R. 376, ¶ 8 (2002); *see Spidel v. Department of Agriculture*, 113 M.S.P.R. 67, ¶ 6 (2010); *Heath v. U.S. Postal Service*, 107 M.S.P.R. 366, ¶ 4 (2007).

¶13    As discussed below, we believe that *Shaw* represents a misreading of the Board's statutory enforcement authority concerning settlement agreements. Furthermore, with the benefit of nearly three additional decades promoting efforts to settle appeals under the Board's significantly expanded jurisdiction, we conclude that the interpretation of the Board's enforcement authority in *Shaw* has served to impede, rather than further, the public policy favoring settlements. Therefore, we now set forth a more reasonable interpretation of the Board's statutory enforcement authority, which we believe will promote the public policy favoring settlements.    Accordingly, we overrule *Shaw* and its progeny to the extent that they required that jurisdiction be established over the underlying matter appealed before a settlement agreement could be accepted into the record and enforced by the Board.

¶14    We find that the plain language of 5 U.S.C. §§ 1204(a)(1)-(2) and 7701(h) supports the exercise of enforcement authority over settlement agreements that have been entered into the record, independent of any prior finding of Board jurisdiction over the underlying matter being settled.    As previously detailed, section 1204(a)(1) authorizes the Board to "hear, adjudicate, or provide for the hearing or adjudication, of all matters within the [Board's] jurisdiction."    A necessary corollary is that the Board retains the authority to hear and adjudicate the question of whether, in fact, it possesses jurisdiction over the issues raised in a given case.  In *Cruz v. Department of the Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991), the Federal Circuit found that the Board may determine whether a resignation is involuntary, and thus an appealable constructive removal, "because it has jurisdiction to determine its jurisdiction." *See also Braun v. Department of Veterans Affairs*, 50 F.3d 1005, 1008 (Fed. Cir. 1995) (finding that an appellant's

nonfrivolous allegations of a coerced resignation were sufficient to "trigger the Board's jurisdiction [to determine its jurisdiction] at this threshold stage," necessitating an evidentiary hearing); *Lloyd v. Small Business Administration*, 96 M.S.P.R. 518, ¶ 16 (2004) (recognizing that the Board has inherent authority to determine whether a matter is within its jurisdiction).

¶15 Concurrent with the Board's authority under 5 U.S.C. § 1204(a)(1) to determine whether a given matter falls within its jurisdiction, the Board also possesses authority under 5 U.S.C. § 1204(a)(2) to "order any Federal agency or employee to comply with any order or decision issued by the Board under the authority granted under [section 1204(a)(1)] and enforce compliance with any such order." Accordingly, pursuant to its authority under sections 1204(a)(1) and (2), the Board is authorized to issue, for example, acknowledgment orders, discovery orders, and orders to show cause. *See generally* 5 C.F.R. § 1201.41(b)-(c) (discussing administrative judges' authority); *see also* 5 U.S.C. § 1204(b) (granting the Board authority to issue subpoenas, order the taking of depositions, and order responses to written interrogatories). Neither the authority to adjudicate and hear the issues in an appeal, nor to issue and enforce orders in connection with that adjudication or hearing, is contingent on a prior finding that the appeal falls within the Board's jurisdiction, at least in those cases where the question of jurisdiction is precisely the one in need of resolution.

¶16 We find that the source of the Board's authority to enforce settlement agreements is likewise independent of the Board's jurisdiction over the underlying matter appealed. As the Federal Circuit expressly found, when a case has been resolved through settlement, the question of whether Board jurisdiction previously had been established over the underlying matter appealed is irrelevant to subsequent enforcement of the agreement, as the underlying appeal has been withdrawn and dismissed under the terms of the settlement agreement, thereby ending any jurisdiction the Board might have once had. To that end, the court emphasized:

> Although employees may petition the [B]oard to exercise its preexisting jurisdiction to *enforce* settlement agreements already entered into the record, the [B]oard is not then acting under its § 1204(a)(1) authority . . . . Once a settlement agreement has been entered into the record, the original appealable action is withdrawn or dismissed. The [B]oard retains jurisdiction over a settlement agreement made part of the record pursuant to its power under 5 U.S.C. § 1204(a)(2) to enter and enforce its own orders. We conclude that under the [B]oard's retained jurisdiction, 5 U.S.C. § 1204(a)(2), the [B]oard may decide whether an agency has breached a settlement entered on the record and thus violated its order.

*King v. Reid*, 59 F.3d 1215, 1218-19 (Fed. Cir. 1995). Thus, per *King*, in a case in which the parties have settled before a jurisdictional determination is made, the Board retains jurisdiction under 5 U.S.C. § 1204(a)(2) to enforce the agreement if it has been entered into the record for that purpose.

¶17 Although our conclusion is rooted in our interpretation of the law, we observe that it also furthers public policy considerations. *Richardson* and *Shaw* both correctly recognized the long-established public policy favoring settlement agreements, which serve to avoid unnecessary litigation and to encourage fair and speedy resolution of issues. *Shaw*, 39 M.S.P.R. at 590; *Richardson* 5 M.S.P.R. at 250. However, in effect, *Shaw's* interpretation of the CSRA greatly frustrated that policy.

¶18 Because *Shaw* and its progeny required that an appellant prove jurisdiction over the underlying matter appealed before the Board would accept a lawful settlement agreement into the record for enforcement, entire classes of appeals were cut off from the possibility of settlement and enforcement with the Board. For example, in constructive adverse action appeals, in which an appellant alleges that her leave, resignation, or retirement was involuntary, the dispositive issue before the Board is jurisdictional. *See Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 7 (2009) (observing that the jurisdictional issue and the merits of an alleged involuntary resignation or retirement are inextricably

intertwined). If the appellant ultimately prevails on the jurisdictional question, the case is effectively over and the appellant wins on the merits. *Id*. The parties in such a case may well be motivated to settle their dispute, avoiding the time, expense, and risk of litigating the dispositive legal question at issue, i.e., whether the leave, resignation, or retirement was involuntary.

¶19    In other types of cases, parties may wish to settle an appeal before determining whether an appellant has satisfied any number of complex jurisdictional questions, even if jurisdiction is not the dispositive issue. *See generally Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶¶ 5-6 (2016) (discussing the jurisdictional standard in an individual right of action—or whistleblower reprisal—appeal); *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014) (discussing the jurisdictional standard in a veterans' preference Veterans Employment Opportunities Act of 1998 (VEOA) claim), *aff'd*, 818 F.3d 1357 (Fed. Cir. 2016); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010) (discussing the jurisdictional standard in a right-to-compete VEOA claim). Parties may even wish to settle seemingly straightforward appeals, which involve the question of whether the appellant qualifies as an employee under 5 U.S.C. § 7511(a)(1).

¶20    In each of the aforementioned scenarios, otherwise productive settlement efforts, with all their potential benefits for the parties, the Board, and the taxpayer, may be complicated or ultimately defeated by the jurisdictional requirement introduced in *Shaw*. Under our current interpretation of the CSRA and the Board's enforcement authority, the public policy objectives cited in *Richardson* and *Shaw* are furthered, allowing the conservation of resources through settlement in all colorable appeals brought before the Board.

¶21    In sum, we find that the Board's statutory authority and public policy considerations both support the exercise of enforcement authority over settlement agreements that have been entered into its record for that purpose, independent of

any prior finding of Board jurisdiction over the underlying matter appealed. We, therefore, overrule *Shaw* and its progeny on that issue.

ORDER

¶22 This matter is remanded to the Denver Field Office. On remand, the administrative judge should determine whether the parties intended to enter the agreement into the record for enforcement purposes. If the parties so intended, the administrative judge should enter the agreement into the record for these purposes and adjudicate the compliance matter. If the parties did not so intend, then the administrative judge should determine whether the agreement was based on mutual mistake, i.e., that the agreement could not be entered into the record for enforcement purposes. If it was based on mutual mistake, then the administrative judge must consider whether the underlying appeal must be reinstated. If the agreement was not based on mutual mistake and the parties did not intend to enter the agreement into the record for enforcement purpose then the administrative judge should issue a new compliance initial decision, dismissing the petition for enforcement on that basis.

FOR THE BOARD:

_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.