NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHARON L. BLOUNT,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3156

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-13-0755-I-1.

---

Decided: December 9, 2014

---

SHARON L. BLOUNT, of Fort Washington, Maryland, pro se.

STEPHEN FUNG, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, *Chief Judge,* NEWMAN, and TARANTO, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board dismissed Sharon Blount's claim, concluding that it lacked jurisdiction because she was not removed from her position but instead resigned. The Board rested its conclusion on the finding that Ms. Blount failed to make non-frivolous allegations that her resignation was actually involuntary. We affirm.

BACKGROUND

On April 10, 2013, after working for the government for about 24 years, Ms. Blount received a notice from the Department of Health and Human Services (HHS) that it proposed to remove her from her position as a Consumer Safety Officer at the Food and Drug Administration (FDA). The proposal outlined Ms. Blount's history of attendance problems, including her failure to follow an "Attendance Requirements and Leave Restrictions Memorandum," issued on February 10, 2012. The 2012 Memorandum set specific requirements for Ms. Blount, necessitated, her supervisor said, by an "unsatisfactory pattern of absenteeism and lateness." Respondent's Appendix ("R.A.") at 148.

HHS held a hearing regarding Ms. Blount's removal on April 30, 2013. It issued a decision on May 29, 2013, sustaining the charges against Ms. Blount and determining that the charges warranted her removal from her job. Ms. Blount's removal was slated to take effect on June 30, 2013. But eight days before June 30, Ms. Blount formally resigned from her position.

In her resignation letter, Ms. Blount stated that "after careful review and consideration" of the agency's removal decision, she had "decided that it would be to [her] best interest to resign from [her] government employment service." R.A. 65. She claimed that her "decision to resign [was] solely based on the necessity to uphold [her]

reputation as a hard working [sic] and diligent government employee." *Id.* She stated that "it would be a disgrace and disloyalty to allow the management of the [FDA] to discredit [her] hard working [sic] years of government service through the act of terminating [her] . . . government service." *Id.* Finally, she claimed that she was "being forced out of [her] employment" and that the agency's "decision . . . to terminate [her] government service [was] based on acts of retaliation and discrimination with respect to [her] filing [of] previous discrimination cases and a . . . grievance against [FDA management] because of the employee abuse, mistreatment, discrimination, hostile work environment, [and] unfair and unequal pay." *Id.* at 66. She attached a recently filed grievance "as a testimonial against the unfair, unjust, and unethical managerial practices that resulted in placing AWOL charges and time and attendance leave restrictions" against her. *Id.*

On June 25, 2013, Ms. Blount filed an appeal with the Board, challenging the agency's decision to remove her. She stated that HHS "was wrong in taking this action because they used the most vulnerable part of [her] life which was [her] low annual and sick leave balance after returning back from giving birth to [her] child in 2009 as a means to enforce 'Time and Attendance Leave Restriction' on [her]" and that she had "never abused leave at all." R.A. 31. She requested remedies including reinstatement, "payment for compensatory damage due to discrimination and reprisal actions," and "no further reta[li]ation and/or harassment." *Id.* Ms. Blount did not indicate on these forms that she had submitted a letter of resignation.

On July 12, 2013, HHS moved to dismiss Ms. Blount's appeal on the ground that she was not actually removed from her job, but instead resigned—taking her appeal outside the Board's jurisdiction under 5 U.S.C. § 7512. On July 17, 2013, the Board administrative judge issued

an "Order on Jurisdiction and Proof Requirements," which informed Ms. Blount that "[t]he Board may not have jurisdiction over [her] appeal . . . [because] resignations and retirements are presumed to be voluntary, and voluntary actions are not appealable to the Board." R.A. 89. The Order directed Ms. Blount "to file evidence and/or argument amounting to a nonfrivolous allegation that [her] claim of involuntary resignation or retirement is within the Board's jurisdiction," R.A. 90, and gave details on what was needed, R.A. 89–90.

Ms. Blount did not respond to the Order with any evidence or detailed factual allegations as directed by the Order, although the administrative judge received a request for a hearing in her case on July 18, 2013, which Ms. Blount may have sent before even receiving the mailed July 17 Order, and that request included some evidence. On August 5, 2013, the agency again moved to dismiss, and on August 14, 2013, the administrative judge issued an Initial Decision dismissing the case. The administrative judge found that Ms. Blount's resignation was not involuntary because "the agency appears to have had reasonable and supportable grounds for proposing and then deciding to remove" her, and because Ms. Blount had not "described any other event which r[ose] to the level of coercion necessary to overcome the presumption" that she resigned voluntarily. R.A. 15.

Ms. Blount petitioned the Board for review of the administrative judge's initial decision. In her petition, Ms. Blount reiterated that she was appealing her "wrongful termination" and that she believed her resignation was not the issue before the judge and should not be a reason to dismiss her appeal. R.A. 93. Ms. Blount outlined her receipt of the proposal of removal and the decision to remove, and she asserted that those documents, as well as other exhibits attached to her appeal, "demonstrate a

pattern of retaliation . . . that led to [her] being forced out of" her employment. R.A. 94.[1]

On May 16, 2014, the Board denied Ms. Blount's petition for review. The Board recounted Ms. Blount's pleadings and noted that she did not respond to the July 17, 2013, Jurisdictional Order. But the Board specifically considered the submission Ms. Blount had made to the administrative judge in her July 18, 2013, request for a hearing—which it found did "not affect the oucome in this appeal." R.A. 4 n.2.

In finding no basis for Ms. Blount's contention that her resignation was involuntary, the Board reiterated that resignations are not involuntary merely because they are made in the face of removal. R.A. 4 (citing *Adams v. U.S. Postal Serv.*, 108 M.S.P.R. 250, ¶ 15 (2008), *aff'd*, 309 F. App'x 413 (Fed. Cir. 2009)). The Board next considered Ms. Blount's claims of discrimination and retaliation to the extent that those claims bore on the voluntariness of her resignation.[2] The Board found that Ms. Blount did

---

[1]   Ms. Blount also claimed that the agency did not notify her Union representative of the decision to remove her from government service, but she does not reiterate this claim in her appeal to this court.

[2]   The Board culled allegations of discrimination from the copy of a grievance Ms. Blount submitted. Ms. Blount alleged race- and sex-based disparate treatment evidenced by HHS's (1) leaving Ms. Blount a large amount of work to do upon returning from maternity leave, by failing to assign Ms. Blount's duties to another employee during that leave, (2) failure to hire another employee to assist Ms. Blount with an excessive workload, (3) retaliation from her supervisor for speaking with the office director about the need for additional employees, (4) placement of Ms. Blount under a "leave restriction" despite knowledge that her low balance of available leave

not allege that "she resigned because of discrimination that made her work environment intolerable." R.A. 6.

Ms. Blount now appeals to this court, "reiterat[ing]" that she "was forced out of the U.S. government based on . . . retaliation on the part of FDA." Appellant's Br., Continuation p. 2. We have jurisdiction under 28 U.S.C. § 1295(a)(9). *See Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1116, 1121 (Fed. Cir. 2013) (Board's jurisdiction reviewable in this court even if "discrimination" alleged as part of claim that resignation was involuntary); *see also supra* n.2.

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). We review

---

was due to her pregnancy, (5) removal of Ms. Blount's scientific duties, leaving her with only administrative work, and (6) failure to renew an accommodation that HHS had granted her.

When Ms. Blount submitted her appeal to this court, she indicated that "[n]o claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case" and that any such claim of discrimination "raised before and decided by the [Board] or arbitrator has been abandoned or will not be raised or continued in this or any other court." Appellant's Federal Circuit Form 10 (signed July 30, 2014; filed August 5, 2014).

the Board's jurisdictional dismissal de novo. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1301 (Fed. Cir. 2006).

Ms. Blount bears the burden of establishing that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2)(i); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006). She is entitled to a hearing on Board jurisdiction only if she has made non-frivolous allegations that, if proven, would demonstrate that the Board has jurisdiction. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1125 (Fed. Cir. 1996).

Because a voluntary resignation is not a "removal" under 5 U.S.C. § 7512, the Board's jurisdiction depends on whether Ms. Blount has overcome the presumption that her resignation was voluntary, *Terban*, 216 F.3d at 1024, to establish that it actually was a "constructive removal" over which the Board does have jurisdiction, *Braun v. Dep't. of Veterans Affairs*, 50 F.3d 1005, 1007 (Fed. Cir. 1995). To prove that her resignation was the product of "coercive involuntariness," Ms. Blount must demonstrate "that a reasonable employee confronted with the same circumstances would feel coerced into resigning." *Conforto*, 713 F.3d at 1121 (internal quotation marks omitted). This objective standard is a "demanding" one, *id.* (internal quotation marks omitted), and it is not satisfied simply by showing discrimination, including retaliation—to qualify, discrimination must be "so serious as to compel the employee to resign." *Id.* at 1120.

We conclude that the Board properly determined Ms. Blount failed to make nonfrivolous allegations of coercion, under the applicable demanding standard, that entitled her to a jurisdictional hearing or to a finding of jurisdiction.

## A

In her resignation letter, Ms. Blount asserted that she was "forced out" of her employment and that her removal

was an act of "retaliation and discrimination." R.A. 66. In her Petition for Review of the administrative judge's decision, Ms. Blount made similarly conclusory allegations of "a pattern of retaliation . . . that led to [her] being forced out of the US government," reiterating this pattern "is the basis for [her] stance that [she] had no other choice but to resign." R.A. 94. Neither those broad assertions nor, more generally, her arguments to the Board allege specific facts that support her claims of coercion based on retaliation and discrimination under the demanding standard—even if, despite her Form 10 disclaimers (*supra* n.2), all such claims remain in the case.

Some documents demonstrate that Ms. Blount believed that she was experiencing "disparate treatment," "discrimination," and retaliation for her complaints to management regarding her workload. R.A. 105–07 (Step 1 Grievance); Pre-Removal Hearing Tr. at 13–14, 16, 18–19, (Apr. 30, 2013) (page numbers counted from beginning of hearing transcript, supplied to this court as Br. of Appellant, Tab 9, Attachment 8). Ms. Blount has stressed a matter of timing: Ms. Blount's supervisor did not place her under a "leave restriction" until after she "reported him to the Center Director" with respect to [her] poor quality of work life." Pre-Removal Hearing Tr. at 19; *see also* R.A. 106. Ms. Blount has also asserted that she had never received a poor performance rating until her last supervisor gave her one, and she has suggested the poor rating was given in reprisal for her complaints. Pre-Removal Hearing Tr. at 22.

This minimal factual support, if credited, would not demonstrate that Ms. Blount's resignation was involuntary. As *Conforto* confirms, some on-the-job discrimination, including retaliation, though wrongful, is not grave enough in its effects to compel an employee to resign. 713 F.3d at 1120. Indeed, the distinction is reflected in the fact that, even where discrimination is involved, Congress has given the Board jurisdiction only over some wrongful

employer actions that harm an employee—*e.g.*, removals, suspensions for more than 14 days, etc., 5 U.S.C. § 7512—not all.  Ms. Blount's allegations do not "rise[] to the level of coercion necessary to overcome the presumption of voluntariness." *Terban*, 216 F.3d at 1025.

Ms. Blount was "faced with the unpleasant alternative of resigning or being subjected to an adverse action," but she has not shown "that the agency lacked reasonable grounds for threatening to take the adverse action." *See Terban*, 216 F.3d at 1026.  As the administrative judge in this case determined, the agency had "reasonable and supportable" grounds for removing Ms. Blount.  R.A. 15. HHS supplied ample documentation of Ms. Blount's problematic tardiness and absenteeism both when proposing and when deciding to remove her from her job.[3]  Ms. Blount admits that she struggled with attendance and on-time arrivals.  Pre-Removal Hearing Tr. at 15, 23, 33–35. Ms. Blount thus has not shown either a lack of reasonable grounds for the proposed removal or any other basis sufficient to make her resignation coerced.

---

[3]    HHS proposed to remove Ms. Blount only after Ms. Blount's supervisor issued an "Attendance Requirements and Leave Restrictions" memorandum, which states that it was issued in response to her late arrival or total absence on 50 workdays within a specific period. R.A. 148.  After the leave restriction was issued, Ms. Blount received a "Letter of Reprimand" from her supervisor for failing to arrive on time and often leaving too early.  R.A. 153–55.  Ms. Blount received a five-day suspension after her supervisor noted her tardiness on at least 30 occasions between August 21, 2012, and November 13, 2012.  R.A. 46–49.

## B

Ms. Blount makes several new arguments on appeal, including that the "condition[s] in [her] work place environment [were] intolerable" and that any "ordinary[,] non-saintly employee would quit under the same intolerable circumstances, because of the continual . . . abuse and mistreatment." Br. of Appellant, Continuation p. 2. Ms. Blount also claims that this stressful environment made her "fearful of not being able to manage [her] [vestibular migraine] medical condition" and that the decision to remove her from service improperly failed to consider the mitigating evidence of her medical condition. *Id.* at Continuation p. 3. Finally, she notes that the denial of her previously granted medical accommodation exacerbated her ability to deal with this condition. *Id.* at Continuation p. 3–4. But to the extent that these claims contain factual allegations that differ from those we have already discussed, Ms. Blount did not make arguments to the Board based on such allegations, and we decline to consider them. *Frank v. Dep't of Transp.*, 35 F.3d 1554, 1559 (Fed. Cir. 1994) ("[W]e do not consider issues that were not raised in the proceedings below."); *Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985) ("Petitioner cannot raise before this court an issue which could have been raised below but which was not.").

CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

No costs.

**AFFIRMED**